HAROLD RAY HALL

*v.*

JOHN PROTAN,

*Sheriff of Boone County*

(No. 13470)

Decided December 20, 1974.

*John Boettner Jr.* for appellant.

*Catsonis & Linkous, Leo Catsonis and Thomas L. Linkous* for appellee.

SPROUSE, JUSTICE:

This is an appeal from the judgment of the Circuit Court of Boone County, affirming an order of the Boone

County Civil Service Commission which denied the appellant, Harold Ray Hall, reinstatement to his former position as a deputy sheriff of Boone County. The principal issue to be determined is whether the appellant is entitled to reinstatement because of the failure of the county civil service commission to promulgate rules and regulations and to establish training programs prior to the qualifying civil service examination. In essence, we considered this case previously in the mandamus proceeding of *Hall v. Protan,* ____ W. Va. ____, 195 S.E.2d 380. That proceeding involved three cases consolidated for the purpose of argument and decision. The writ of mandamus was denied principally because the relators had not exhausted their administrative remedies by pursuing a hearing before the county civil service commission.

The appellant, Harold Ray Hall, was appointed to the position of deputy sheriff prior to the effective date of the Civil Service for Deputy Sheriffs Act (July 1, 1971). Chapter 7, Article 14, Section 9, Code, 1931, as amended, permitted deputies to continue to serve until one year from the effective date of the Act, by which time each deputy must have completed the qualifying examination with a minimum score of 60.

On June 24, 1972, Hall completed a written examination, attempting to satisfy this provision in order to retain his position. He took the examination under protest, objecting to the validity of the examination on the grounds that the county civil service commission had failed to issue rules and regulations for such examinations and had refused to establish a training program as required by the provisions of Chapter 7, Article 14, Section 9 of the Code, 1931, as amended. Hall scored only 40 points on the examination. Ed Cooke was the Sheriff of Boone County at that time, and Hall was not retained by Cooke after he failed the examination.

Hall was permitted by the Boone County Civil Service Commission to take another examination in October,

1972. He passed the October examination. Between July 1, 1972, and the time that Hall took the examination in October, 1972, Sheriff Cooke had requested and was furnished a list of eligible potential employees from the civil service commission. Hall was not included in the list because he had not passed the June examination. Cooke made no request for a list of eligibles after Hall passed the examination in October, 1972. The county civil service commission in the meantime, however, certified Hall as eligible for reappointment subject to the successful completion of a second examination. The new sheriff, the present incumbent, John Protan, took office in January, 1973.

The appellant never requested reinstatement from the present sheriff. At the hearing he was asked:

"Q. Did you feel there was any point in asking the then existing sheriff, John Protan, to be reinstated?

"A. I didn't know whether it would or not, because I wasn't going to ask him.

"Q. You don't know what Mr. Protan would have said to you if you would have asked him for a job do you?

"A. No, sir.

"Q. You don't know that either now do you?

"A. No, sir."

It is clear, however, that the appellant had requested reinstatement in 1972 from former Sheriff Cooke. It also appears that he requested reinstatement from the county civil service commission as soon as he became aware that this was the course he should follow, although there is some confusion in this regard.

*Hall v. Protan, supra,* and No. 13219, *Weaver v. The Boone County Civil Service Commission,* decided Febru-

ary 27, 1973, without an opinion, establish that the Boone County Civil Service Commission had not issued the rules and regulations for the examinations required under the "grandfather clause", nor had it established the required training program. The commission has since complied with these requirements, but the question in this proceeding is whether the appellant has been prejudiced by the commission's failure to comply with this mandatory duty prior to the time he took the first examination. We think that he has.

The appellant testified that he failed the examination because he was not familiar with the testing procedure. Although he passed his subsequent test, he contends this was due in part to the familiarity with the testing procedure he gained from taking the previous examination. There was no evidence introduced contradicting his testimony nor the testimony of R. L. Dadisman to the effect that the appellant was hindered by the failure to provide him a training program.

Dadisman, Director of the West Virginia Civil Service Commission, testifying as an expert witness, indicated that such prejudice was implicit in pertinent parts of his testimony.

"Q. Assuming for a moment the Boone County Civil Service Commission had prescribed this particular training program prior to May or June of 1972 and assuming further that a deputy sheriff had taken such a course or had undertaken such training, what advantage, if any, would that particular existing deputy sheriff have with regard to the test that, let's say, a deputy sheriff who did not take the job training program?

"A. If the examination is based on this, teaching this course of study, obviously the person who had the advantage of the course would have a great advantage.

"Q. Now how about the aptitude examination which the Boone County Civil Service Commission gave on or about June of 1972?

Would a person having taken this course have any particular advantage over someone who, let's say had not taken the course?

"A. The basic skills and knowledges would necessarily be incorporated to some extent in the examination, and my answer would be yes.

"Q. In other words, a deputy sheriff would be in a much better position to pass even the aptitude examination had he undergone the training program as described in Exhibit No. 2 there?

* * *

"Q. In a better position?

"A. Yes."

Based upon the evidence presented at the hearing, the county civil service commission found that the examination given the appellant was an "aptitude test" and that a training program would not have better qualified him to pass it. The commission also found:

"However, the Act does not vest this Commission with the duty nor authority to employ and discharge the sheriff's deputies. This is a right of the elected sheriff and that right and responsibility must be respected by the Commission. The duties of the Commission are to see that the sheriff is furnished a list of competent and qualified persons from whom he may make a selection, and once said selection has been made, to see that said deputies are not summarily discharged without cause."

The commission's finding that the failure to provide a training program did not hinder the appellant's effort to successfully complete the examination is in direct conflict with the evidence presented at the hearing. An order based on findings of an administrative body which are contrary to the evidence will be reversed. *Guine v. Civil Service Commission*, 149 W. Va. 461, 141 S.E.2d 364. *See, Yates v. Civil Service Commission*, 154 W. Va. 696, 178 S.E.2d 798.

Admittedly the county civil service commission is not authorized "to employ and discharge the sheriff's deputies." It has, however, the responsibility to order reinstatement of a deputy who has been wrongfully discharged in violation of statutory laws and civil service regulation. *Yates v. Civil Service Commission, supra.*

While the Boone County Civil Service Commission has since complied with the mandate of this Court in *Weaver v. The Boone County Civil Service Commission, supra,* nonetheless, an innocent party has been injured by its failure to comply with the identical, but preexisting, legislative mandate. The appellant is thus afforded the remedy of reinstatement.

Ordinarily, an employee within the classified civil service is entitled to the compensation attached by law to his position during the period of his wrongful removal from office. *Harris v. Civil Service Commission,* 154 W. Va. 705, 178 S.E.2d 842. Such compensation, however, is not recoverable where the employee delays for an unreasonable length of time to assert his right. 15 Am. Jur. 2d *Civil Service,* Section 51, page 511. Applying this principle to the facts of this case, we find the appellant is entitled only to compensation from the period commencing with his discharge and ending December 31, 1972.

The appellant testified unequivocally at the hearing that he did not seek reinstatement from the present incumbent sheriff because of his own personal motivations. There is no evidence appearing upon this record to indicate that the appellee would not have given consideration to such a request.

The final question to be disposed of in this appeal arises from an error raised by the appellee. The appellee contends that because of the unique aspects of the office of sheriff, the office is constitutionally immune from the operation of civil service laws. There is authority supportive of this contention. *Blackburn v. Brorein,* 70 So.2d 293, (Fla.); *Flaherty v. Milliken,* 193 N.Y. 564, 86 N. E. 558. Article IX, Section 6 of the Constitution of

West Virginia, however, specifically authorizes the Legislature to prescribe by law personnel practices relating to deputy sheriffs. Section 1 provides for the election of a county sheriff in each county, and Section 3 requires that "[t]he duties of the office of sheriff shall be performed by him in person, or under his superintendence." Under the provisions of Section 6, however, the Legislature is given general authority to provide for the appointment of deputies for the constitutional officers named within the article. That section provides:

> "It [the Legislature] shall further provide for the compensation, the duties and responsibilities of such officers, and may provide for the appointment of their deputies and assistants by general laws."

For reasons stated in this opinion, the judgment of the Circuit Court of Boone County is reversed and the case remanded for such further proceedings as are consistent with the views expressed in this opinion.

*Reversed and remanded.*