C. E. AIRHART, *Sheriff, etc.*

*v.*

STEPHEN CARPENTER

(No. 14104)

Decided December 11, 1979.

*David M. Finnerin* for appellant.

No appearance for appellees.

PER CURIAM:

This appeal was docketed on January 16, 1978, and matured for decision on October 23, 1979. Petitioner appeals from a final judgment of the Circuit Court of Wood County, which overturned a ruling by the Wood County Deputy Sheriff's Civil Service Commission which ordered appellant's reinstatement to his former position as a deputy sheriff.

When the case was before the Deputy Sheriff's Civil Service Commission, the parties entered into a stipulation in which the following matters are set forth. The appellant was hired as a deputy sheriff on July 17, 1975. He received no formal training because the Deputy Sheriff's Civil Service Commission had failed to establish a training program for probationary deputies as required by *W.Va. Code*, 7-14-16. At the conclusion of his six-month probationary period, he was advised by the sheriff in the statutorily required language that his conduct and capacity had not been satisfactory and that he would not receive a permanent appointment. He made a timely request for a hearing before the civil service commission. The commission held a probationary deputy sheriff must be afforded the minimum statutorily required training period in order that he may be dismissed at the end of his probationary period. They ordered the appellant's reinstatement. The circuit court reversed the order.

The appellant contends the court erred because the commission was not clearly wrong and their decision was not based upon a mistake of law.

It is improper to terminate the employment of a deputy sheriff covered by civil service during the probationary period if the reasons for the termination are related to lack of training and the deputy has not been provided

with a training program as required by *W.Va. Code,* 7-14-16. *Hall v. Protan,* \_\_\_ W.Va. \_\_\_, 210 S.E.2d 475 (1974).

The stipulation of facts does not reveal whether the reasons for the appellant's dismissal were reasons related to the absence of the proper training program. Accordingly, we conclude that before it can be determined whether the law of *Hall* is controlling and mandates the appellant's reinstatement, there must be development of facts indicating the reasons for the appellant's dismissal.

Accordingly, we reverse the final judgment of the circuit court of Wood County and remand the case for future proceedings consistent with the views expressed in this opinion.

> *Reversed and remanded*
> *with directions.*