LORETTA MAE ESKEW

*v.*

THE KANAWHA COUNTY BOARD OF EDUCATION, *et al.*

(No. 14256)

Decided July 17, 1981.

*Jay M. Potter* and *John R. Mitchell* for appellant.

*Love, Wise, Robinson & Woodroe, John O. Kizer* and *Jo Walton Eaton,* for appellees.

PER CURIAM:

Loretta Mae Eskew appeals from the Circuit Court of Kanawha County and challenges a final ruling which denied her motion for relief from an order granting the appellees' motion to quash a writ of certiorari previously granted by the circuit court to the appellant from an adverse decision of the State Superintendent of Schools.

From 1969 through 1975, the appellant was employed by the Board of Education of Kanawha County as school bus

driver. In February of 1975, the Board dismissed her by less than a unanimous vote. Pursuant to W.Va. *Code*, 18A-2-8[1] she appealed her dismissal to the state superintendent of schools who upheld the board's decision. The appellant then petitioned the Circuit Court of Kanawha County for a writ of certiorari which the circuit court granted. The appellees filed a motion to quash the writ, the circuit court granted the motion, quashed the writ and dismissed the petition. The circuit court then denied appellant's motion for relief from the judgment quashing the writ, and it is from that judgment that this appeal is taken.

It is the appellant's contention that an employee who appeals an adverse county board of education ruling to the state superintendent pursuant to *W.Va. Code*, 18A-2-8 also has a right under *W.Va. Code*, 53-3-2[2] to judicial review of the board's decision by way of certiorari in the circuit court.

The appellees contend that an employee who receives an adverse decision from a county board of education has a choice between two alternative remedies, *i.e.*, appeal to the state superintendent or review by certiorari in the circuit court, and that by choosing to appeal to the state superintendent the employee makes an election which bars subsequent appeal by certiorari to the circuit court.

These contrasting contentions are resolved by *State ex rel. Gibson v. Pizzino*, 164 W.Va. 749, 266 S.E.2d at 123 (1980);

> "In *Mason County Board of Education*, [160 W.Va. 348, 234 S.E.2d 321 (1977)] . . . we gave to a local board of education the right to seek review of

---

[1] W.Va. Code, 18-A-2-8 provides in pertinent part:

"[That] . . . in any case when the board is not unanimous in its decision to suspend or dismiss, the person so suspended or dismissed shall have the right of appeal to the state superintendent of schools."

[2] *W.Va. Code*, 53-3-2 reads in pertinent part:

"[I]n every . . . proceeding before . . . [an] interior tribunal, the record or proceeding may, . . . after any judgment or order therein abridging the freedom of a person, be removed by a writ of certiorari to the circuit court of the county in which such judgment was rendered . . .".

adverse administrative decisions of a State School Superintendent by way of a writ of certiorari in the circuit court. This same right was extended to teachers in *Beverlin v. Board of Education*, 158 W.Va. 1067, 216 S.E.2d 554 (1975), and *State ex rel. Board of Education v. Martin*, 112 W.Va. 174, 163 S.E. 850 (1932)."

Earlier, in *Morgan v. Pizzino*, W.Va. 256 S.E.2d 592, 595 (1979), we stressed the necessity for school personnel to exhaust all administrative remedies and to utilize the writ of certiorari to the circuit court.

Accordingly we hold that an employee of a county board of education who is dismissed by a less than unanimous vote of the board, and who exercises the right granted by *W.Va.Code*, 18A-2-8 to appeal to the state superintendent of schools may obtain, upon receiving an adverse ruling from the state superintendent, judicial review in circuit court by way of writ of certiorari.

For this reason the final judgment of the Circuit Court of Kanawha County appealed from is reversed, and the case is remanded to the circuit court with directions that it permit the certiorari to proceed.

*Reversed and remanded with directions.*