ROBERT N. SURRATT

*v.*

PHYLLIS J. RUTLEDGE, CLERK, *etc., et al.*

(MAPLE MEADOW MINING CO.-EMPLOYER)

(No. 15177)

Decided July 29, 1981.

*Robert S. Baker, Lee H. Adler, and Cynthia Dettman* for petitioner.

*Jackson, Kelly, Holt* and *O'Farrell, Forrest H. Roles* and *Charles M. Surber, Jr.,* for respondent.

PER CURIAM:

The appellant in this proceeding, Robert N. Surratt, contends that the Circuit Court of Kanawha County erred in ruling that he was disqualified from receiving unemployment compensation benefits. He asserts that the evidence before the circuit court demonstrated that he was qualified and eligible and that his claim was thus compensable. We agree, and we reverse the decision of the circuit court.

The appellant was discharged by the employer, Maple Meadow Mining Company, on November 6, 1979, for refusing to submit to a physical examination. The employer had requested the examination when the appellant returned to work after recouperating from an ankle injury.

Following termination of his employment with the employer, the appellant applied for unemployment compensation benefits. The claim was investigated and assessed by a deputy of the Department of Employment Security. The deputy concluded that the appellant was guilty of misconduct in refusing to submit to the examination and that his firing was justified. The deputy's conclusion was predicated upon a finding that the employer had a standing policy requiring return-to-work physical examinations.

The appellant, after receiving the deputy's ruling, appealed to the Board of Review of the West Virginia Department of Employment Security. The Board of Review, in conformity with its rules and regulations, issued under authority of *W.Va. Code*, 21A-7-13 [1939], scheduled a hearing in the matter for November 26, 1979, at 10:45 a.m. Both the appellant and the employer were given notice of that hearing.

On November 26, 1979, the appellant appeared at the scheduled time for the hearing. He testified regarding the wages he had received and the hours he had worked for the employer. He also described the circumstances surrounding his discharge. He denied that he had wilfully disobeyed a company policy, and, in effect, he denied that such a policy existed. At the conclusion of his testimony, the trial examiner ended the hearing because the employer had failed to appear. A short time later a representative of the employer did appear. The hearing was not, however, reopened.

After failing to appear at the appropriate time for the November 26, 1979 hearing, the employer's representative moved that the case be remanded for the taking of additional evidence. The motion averred that the representative had evidence which would have shown that there

was a company policy regarding return-to-work physicals and that the representative's failure to appear at the scheduled hearing was due to "extenuating circumstances." The motion did not indicate what the circumstances were.

Instead of remanding the case for an additional hearing, the Board of Review, on April 30, 1980, ruled that the appellant had failed to comply with a company policy regarding physical examinations and that his action amounted to insubordination. It held that the appellant was ineligible and disqualified to receive benefits.

After receiving the Board's ruling the appellant appealed to the Circuit Court of Kanawha County, and the circuit court, by order entered January 12, 1981, reversed the Review Board's ruling that the appellant was ineligible but affirmed its conclusion that the appellant was disqualified and therefore not entitled to receive benefits. The court's decision indicated that its review failed to show that the decision of the Board of Review on disqualification was plainly wrong.

The question now presented to us is whether the circuit court correctly concluded that the Board's decision was not plainly wrong. As reframed by the parties, the question is whether the Board of Review had before it sufficient competent evidence to support its conclusion that the appellant was disqualified by misconduct from collecting unemployment compensation benefits.

After carefully examining the record we find no evidence establishing that the employer had a definite policy concerning return-to-work physicals. While the deputy concluded that the employer had such a policy, the evidence upon which he based his conclusion is not in the record, and there is no indication that the evidence was before the Board. The testimony of the claimant himself failed to establish the policy, and the subsequent averment of the employer's representative that he had evidence that such a policy existed was not evidence and was not proof. In short, we have concluded that the competent evidence before the Board of Review failed to support its finding that

906

the appellant had been guilty of wilful misconduct by refusing to obey an order to follow an established company policy.

In Syllabus Point 1 of *Hall v. Protan*, 158 W.Va. 276, 210 S.E.2d 475 (1974), we stated: "An order based on findings of an administrative body which are contrary to the evidence will be reversed." That point is controlling here.

Accordingly, the judgment of the Circuit Court of Kanawha County, insofar as it affirmed that portion of the decision of the Board of Review regarding the appellants disqualification, is reversed, and this case is remanded with directions that an order be entered awarding the appellant the unemployment compensation benefits to which he is entitled.

*Reversed and remanded*
*with directions.*