289 S.E.2d 736

**Larry Dale ROBERTSON**

v.

**Roy TRUBY, State Supt. of Schools and Board of Education of Wayne County.**

**No. 15405.**

Supreme Court of Appeals of West Virginia.

March 26, 1982.

PER CURIAM:

Larry Dale Robertson appeals from a final order of the Circuit Court of Kanawha County dismissing his petition for writ of certiorari from a decision of the state superintendent of schools which had affirmed the Wayne County School Board's decision not to renew Robertson's contract of employment as a custodian at Fort Gay School. The parties to this appeal agree that the circuit court erred in dismissing the writ of certiorari under the rule established in *Eskew v. Kanawha County Board of Education*, 167 W.Va. 790, 280 S.E.2d 297 (1981), which was handed down after the ruling of the circuit court dismissing Robertson's petition. The Board of Education of Wayne County contends that, even in view of this error, the order of the circuit court dismissing Robertson's petition should be affirmed, because, on the record in this case, the state superintendent's decision was not clearly wrong. We agree and affirm.

Robertson was employed by the Board of Education of Wayne County for two years as a custodian. On May 1, 1979, his status was that of a probationary employee. In accordance with *W.Va.Code*, 18A–2–8a [1977], Mose Napier, Wayne County School Superintendent, recommended to the Board of Education of Wayne County that Robertson not be reemployed, and the board decided, by a vote of two to one, to follow Napier's recommendation.[1] It is not disputed that the board followed the procedure set forth in 18A–2–8a, providing for the "nonrehiring" of probationary personnel. Robertson requested a hearing on the reasons for the board's action, and this hearing was held on May 31, 1979. At the hearing testimony was heard from Michael Elliot Ferguson, principal of the Fort Gay School, to which Robertson was assigned.

Ferguson testified to the instructions frequently given Robertson in regard to certain duties which he was neglecting. He related several specific occasions in late 1978 and early 1979 on which he informed

Ann G. Hicks, Huntington, for appellant.

Menis E. Ketchum, Huntington, for appellees.

1. We conclude that *W.Va.Code*, 18A–2–8 [1967], is inapplicable to the situation presented in this appeal, and, hence, that that statutes' ten-day notice of hearing requirement did not bind the county board in scheduling the proceedings below.

Robertson that his job performance was unacceptable. Robertson would not light the school's furnace even after repeated instructions in the operation of the furnace from Ferguson. Robertson did not scrape wax build-up off the floors, and neglected to dust classrooms. On one occasion, Robertson neglected his weekly duty to mop the classrooms of the Fort Gay School, and he once refused Ferguson's request to remove empty boxes from the school building. Ferguson stated that Robertson habitually left work early without permission. The warnings given in regard to each of these infractions afforded Robertson an opportunity to improve his work performance.

Robertson, in his testimony before the board of education, addressed only one of the areas of neglect of duty which principal Ferguson noted. He averred that the wax build-up Ferguson complained of was not his, Robertson's, fault since the condition had been the same before his arrival as custodian. The remainder of Robertson's testimony was that the school building which he was expected to clean was once flooded.

■ At the conclusion of the hearing the school board voted two to one not to rehire Robertson and he appealed this decision to the state superintendent of schools, an appellee herein.[2]

■ The state superintendent's decision affirmed the action of the Wayne County board. Appellant contends very forcefully that the state superintendent's findings that the "condition of the school's roof could quite possibly have been the reason why the petitioner was unable to keep the floors properly waxed and clean", and that petitioners' job may have been "practically impossible to do properly" due to the dilapidated condition of the building. We note that where the state superintendent has

reservations such as these about an appeal, the preferable procedure would be to hold a hearing on disputed issues. This is certainly so where, as here, the appellant-employee was not represented by counsel at the initial hearing before the county board of education. However, the statements made by the superintendent in regard to the condition of the school were unsupported by any evidence in the record. It is well established that we are not bound to accord weight to assertions by administrative agencies which have no foundation in the record before this Court. *Hall v. Protan*, 158 W.Va. 276, 210 S.E.2d 475 (1974).

Robertson sought review of the superintendent's decision by writ of certiorari filed in the Circuit Court of Kanawha County. The trial judge, not having the benefit of our later decision in *Eskew v. Kanawha County Board of Education*, 167 W.Va. 790, 280 S.E.2d 297 (1981), dismissed the writ on the ground that an employee who received an adverse decision from the county board of education has a choice between the alternative remedies of appeal to the state superintendent or review by certiorari in the circuit court. As we made clear in *Eskew*, appeal to the state superintendent does not act as a bar to subsequent appeal by certiorari to the circuit court in such a case. As we stated in the syllabus of *Eskew*:

"An employee of a county board of education who is dismissed by a less than unanimous vote of the board, and who exercises the right granted by *W.Va. Code*, 18A–2–8, to appeal to the state superintendent of schools may obtain, upon receiving an adverse ruling from the state superintendent, judicial review in the circuit court by way of writ of certiorari." Syllabus, *Eskew v. Kanawha County Board of Education*, 167 W.Va. 790, 280 S.E.2d 297 (1981).

■ That the circuit court committed error in dismissing the writ on the ground

2. Robertson argues that § 11 of the Rules of the West Virginia Board of Education requires that the superintendent hold a hearing in this case since material facts were in dispute. We disagree. Certainly Robertson did not controvert many of his supervisor's allegations of neglect of duty, and we find that the state superintend-

ent was not clearly wrong in exercising his discretion under § 19 of the Rules of the Department of Education to dispense with a hearing in this case.

The appellant and the school board agree that an appeal does lie from an 18A–2–8a nonrehiring to the state superintendent of schools.

stated is beyond cavil. The Board of Education of Wayne County urges, however, that this error should not be grounds for a reversal, since the dismissal of the writ was clearly the correct result, though reached for the wrong reasons by the trial court.

 After carefully examining the record, we agree that the Board of Education of Wayne County reached the correct decision in dismissing Robertson from his probationary employment. The evidence adduced during his hearing supports the conclusion that he did not adequately perform the tasks assigned to him.

We stated in Syllabus Point 4 of *Burns v. Goff*, 164 W.Va. 301, 262 S.E.2d 772 (1980) that: "(A)n error which is not prejudicial to the complaining party is harmless and does not require the reversal of the final judgment."

In view of the fact that the evidence supports appellant's dismissal, we believe that the refusal of the circuit court to issue a writ of certiorari, while error under our holding in *Eskew*, was harmless and in no way affected the substantial rights of the parties.

Accordingly, the judgment of the Circuit Court of Kanawha County is affirmed.

Affirmed.