294 S.E.2d 113

**Betty JONES**

v.

**The BOARD OF EDUCATION, COUNTY OF LINCOLN, et al.**

**No. CC930.**

Supreme Court of Appeals of West Virginia.

June 30, 1982.

Jacqueline A. Kinnaman, Robert E. Wise, Jr., Billie Gray, Asst. Atty. Gen., Charleston, for plaintiff.

Lloyd G. Jackson, II, Pros. Atty., Lincoln County, Hamlin, for defendants.

HARSHBARGER, Justice:

On January 23, 1981, the Lincoln County Superintendent of Schools notified Betty Jones, who had been employed by the Lincoln County Board of Education since 1966, and from 1970 to 1981 was principal of Hamlin Elementary School, that he was recommending her transfer and demotion to classroom teacher.

After a hearing the board approved his recommendation, and Jones appealed to State Superintendent of Schools Roy Truby. She alleged that the local board acted arbitrarily and capriciously; that its decision was not supported by evidence; and that its decision violated board policies, W.Va.Code, 18A–2–2, and the federal and state constitutions.

State Superintendent Truby decided that the evidence presented did not support Jones' demotion, but that she could be laterally transferred as a principal.

Jones petitioned for certiorari in the Circuit Court of Kanawha County, which certified the following question to this Court:

Whether the State Superintendent of Schools of West Virginia has authority or jurisdiction to hear and decide the appeals of school employees from the decisions of county boards of education made pursuant to West Virginia Code, 1931, § 18A–2–2 and § 18A–2–8, as amended, and State Board of Education policies.

W.Va.Code, 18A–2–2 sets out procedures for terminating a teacher's continuing contract:

The continuing contract of any teacher shall remain in full force and effect ... unless and until terminated (1) by a majority vote of the full membership of the board before April first of the then current year, after written notice, served upon the teacher, return receipt requested, stating cause or causes, and an opportunity to be heard at a meeting of the board prior to the board's action thereon, or (2) by written resignation of the teacher before that date.... Provided, ... that this section shall not affect the powers of the school board to suspend or dismiss a principal or teacher pursuant to section eight [§ 18A–2–8] of this article ....

Code, 18A–2–8, referred to in Section 2 above, is entitled "Suspension and dismissal of school personnel by board":

Notwithstanding any other provisions of law, a board may suspend or dismiss any person in its employment at any time for: Immorality, incompetency, cruelty, insubordination, intemperance or wilful neglect of duty, but the charges shall be stated in writing and the employee so affected shall be given an opportunity to be heard by the board upon not less than ten days' written notice, which charges and notice shall be served upon the employee within five days of the presentation of the charges to the board. The hearing may be held at the next regular meeting of the board or at a special meeting called for that purpose; and in any case when the board is not unanimous in its decision to suspend or dismiss, the person so suspended or dismissed *shall have the right of appeal to the state superintendent of schools.* (Emphasis added.)

The Lincoln County Board of Education argued that because its action was a demotion/transfer, we should apply Code, 18A–2–7:

The superintendent, subject only to approval of the board, shall have authority to assign, transfer, promote, demote or suspend school personnel and to recommend their dismissal pursuant to provisions of this chapter.

That section does not specifically authorize an appeal to the State Superintendent.[1]

Kanawha County Circuit Court Judge MacQueen found the State Superintendent's authority to hear appeals in our Constitution, and in Code, 18–3–4 and 18–3–6.

The West Virginia Constitution imposes responsibility for maintaining a "thorough and efficient system of free schools" on the Legislature. W.Va.Const. art. XII, §§ 1, 2. Recently, in *Pauley v. Kelly,* 162 W.Va. 672, 255 S.E.2d 859 (1979), we recognized that education was a fundamental right and that state government had a mandate to provide and maintain a high quality educational system.

Furthermore, the Constitution puts supervision of free schools upon the State Board of Education, and designates the State Superintendent to be the "chief school officer" with such powers and duties as prescribed by law. W.Va.Const. art.

---

1. We recently wrote that labels will not be used to deprive school personnel of their statutory or board policy rights. *Mason County Board of Education v. State Superintendent of Schools,* 165 W.Va. 732, 274 S.E.2d 435, 439 (1980). Ms. Jones was dismissed from her position as principal, in addition to being transferred as a teacher. Her dismissal, if not unanimous, gave her a statutory appeal right to the State Superintendent of Schools. This record does not indicate the Board's vote.

XII, § 2. This provision was reiterated by our Legislature in W.Va.Code, 18–3–3.[2]

Chapter 18 of the Code vests the State Superintendent's powers. Code, 18–3–4 directs him to enforce general or special laws pertaining to the school system and also the state board's rules or directions.[3] He is authorized to interpret school law and board rules by Code, 18–3–6. He also has any powers necessary to discharge duties assigned by the Legislature or the state board. Code, 18–3–10.

Our state board, by its authority granted in Code, 18–2–5, has promulgated procedures to resolve controversies between employees and county boards of education about school laws. Rule 1340, adopted in 1971, is prefaced by a policy statement:

> Preface:
>
> The enclosed "Rules of Procedure for Resolving Controversies and Disputes" are promulgated for the purpose of handling those problems arising in the state school system which have gone beyond the normal routine remedies which are available at the county level. Nothing herein should be interpreted in such manner as to give rise to a premature action on the part of any county school personnel; all remedies which are allowable by a county board of education or county school superintendent should be exhausted before appealing to the State Superintendent to hear a controversy. The State Superintendent shall use his discretion as to whether or not he may hear a controversy at any time; and it is hereby emphasized that under § 18 and § 19 of these Rules the State Superintendent may waive or relax such Rules when in his judgment justice is served.
>
> Foreword:
>
> The following rules prescribed by the State Superintendent of Schools, and approved by the State Board of Education, govern the hearing of appeals and the adjudication of controversies and disputes arising under school laws by the State Superintendent of Schools, pursuant to the power granted in Article XII of the Constitution of the State of West Virginia and by the West Virginia Code.

It gave the Superintendent authority[4] and provided for hearings, subpoenas, taking evidence, briefs, oral arguments, and written decisions.

In 1972, the state board adopted Rule 5301,[5] establishing a four-level grievance procedure for resolution of claims by employees about violations, misapplications,

---

**2.** W.Va.Code, 18–3–3, in part:

"The state superintendent of schools shall have general supervision of the free schools of the State, and shall be the chief executive officer of the state board of education. He shall be charged with the general supervision of all county and city superintendents of free schools and of county and district boards of education within the State, except as provided in article nine, chapter six [§ 6–9–1 et seq.] of this Code."

**3.** W.Va.Code, 18–3–4:

"The state superintendent of schools shall cause to be instituted such proceedings or processes as may be necessary properly to enforce and give effect to any provision or provisions of this chapter and to the provisions of any other general or special laws pertaining to the school system of the State, or any part thereof, or of any rule or direction of the state board of education made in conformity with its powers and duties. The superintendent shall have authority to administer oaths and to examine under oath, in any part of the State, witnesses in any proceeding pertaining to the public schools, and to cause such examination to be reduced to writing. ... The state superintendent of schools shall have power to institute proper proceedings for the removal of any school official charged with dishonesty, continued neglect of duty, or with failure to comply with the provisions of this chapter or of the rules of the state board of education."

**4.** § 12, Rules of Procedure for Resolving Controversies and Disputes:

"The Superintendent shall have authority to administer oaths and affirmations; examine witnesses and receive evidence; issue subpoenas; rule upon offers of proof; take or cause depositions to be taken whenever the ends of justice would, in the Superintendent's opinion, be served thereby; regulate the course of the hearing; and dispose of procedural requests or similar matters."

**5.** This rule was revised in 1981 for statewide use by all counties. The revision explains that appeals to the State Superintendent be brought according to Rule 1340.

or misinterpretations of school statutes, rules, regulations or employment agreements.[6] An employee may appeal to the state superintendent or to our courts,[7] after lodging a complaint with his supervisor and then appealing to his county superintendent and board of education.

We have many cases that implicitly recognize an appeal to the state superintendent. *Mason County Board of Education v. State Superintendent of Schools,* 160 W.Va. 348, 234 S.E.2d 321 (1977); *Eskew v. Kanawha County Board of Education,* 167 W.Va. 790, 280 S.E.2d 297 (1981); *Wayne County Board of Education v. Tooley,* 166 W.Va. 685, 276 S.E.2d 826 (1981); *Gibson v. Pizzino,* 164 W.Va. 749, 266 S.E.2d 122 (1979).

Superintendent Truby's actions accorded with his position as chief school officer defined in our Constitution, Chapter 18 of our Code, and state school board policies. Of course, employees still have recourse to the courts. *See Eskew v. Kanawha County Board of Education, supra; Mason County Board of Education v. State Superintendent of Schools, supra.*

A state superintendent may review a decision by a county board of education on appeal by an employee. Certiorari will lie to a circuit court from the superintendent's decision.

Ruling affirmed.

6. Rule 5301, § 2(a):

"*Grievance*—Grievance shall mean a claim by one or more employees, of a violation, a misapplication, or a misinterpretation of the statutes, rules, regulations, or agreements under which such employees work, specifying that which is claimed to be violated and the specifics of such violation. The term 'grievance' shall not apply to any matter for which (1) the method of review is prescribed by law, or (2) the board of education is without authority to act."

7. Rule 5301, in part:

"Such decision by the board of education shall be final except that appeals to the State Superintendent of Schools, under certain provisions of Chapter 18 and 18A may be appropriate, and proper redress may be sought through the courts, should the employee so choose."