375 S.E.2d 209

**Patricia A. MONTEITH**

v.

**The BOARD OF EDUCATION OF THE COUNTY OF WEBSTER.**

**No. 17613.**

Supreme Court of Appeals
of West Virginia.

Nov. 18, 1988.

---

William B. McGinley, Charleston, for Patricia A. Monteith.

Jack Alsop, PA, Webster Springs, for Bd. of Educ. of County of Webster.

PER CURIAM:

This case is before this Court upon the appeal of Patricia Monteith. The appellee is the Webster County Board of Education. The appellant was dismissed from her employment as a school teacher by the appellee Board. Upon appeal, the circuit court upheld the Board's decision. This Court has before it the appellant's petition for appeal, all matters of record, and briefs. We now reverse the circuit court's decision.

The appellant Monteith entered into a contract of employment with the Webster County Board of Education. The contract period covered the 1979–80 school year and the appellant was to teach first grade at Glade Elementary School. On her application form, the appellant asserted that she would hold a "Masters Equivalency" teaching certificate by the beginning of the 1979–80 school year.[1] Based upon this rep-

---

1. At the time of her application, the appellant was completing her work on a degree at the Pennsylvania State University.

resentation, the contract set forth that the appellant held a provisional professional M.A. degree, which would entitle her to a salary at a master's degree level.[2]

A conflict arose between the appellant Monteith and the appellee Board when the West Virginia Department of Education issued a professional certificate placing the appellant in a salary classification that would only entitle her to a bachelor's level of pay, which was $1200 less. The Superintendent of Webster County Schools wrote the appellant a letter stating that the Board of Education was not permitted to pay the appellant at a higher rate. The executive secretary of the Board, in a telephone conversation, told the appellant that because she had earned more than 60 credits beyond a bachelor's degree, she could be eligible for an "A.B. plus 15" classification. This classification would only have reduced the appellant's pay by $600 instead of the initially understood $1200.

The first grade at Glade Elementary School is one room, divided into four sections. Each section is supervised by a teacher. The appellant Monteith is one of the four teachers. When the appellant's paycheck was delivered to her, it reflected a bachelor's rate of pay instead of the "A.B. plus 15" rate.

Upset over the significant reduction in her paycheck, the appellant left her section of the classroom, leaving the pupils working on a project. The appellant went to the office of the principal to notify him that she had to leave school. The principal was not in the building at the time, and the assistant principal was out of his office. Still upset with the situation, the appellant decided not to expose the children in her class to her disposition. She returned to the classroom, gathered her belongings, and prepared to leave. As she was leaving, she encountered the assistant principal, who attempted to discuss the matter with her. She refused, left the school's premises, and drove to the Board of Education offices at Webster Springs to discuss the matter with someone there. The payroll clerk and executive secretary of the Board proceeded to explain to the appellant what was needed to complete the filing of forms to obtain "A.B. plus 15" classification. The appellant informed the executive secretary that she had already furnished to the Board all the information she intended to.[3] The appellant then left the Board offices and went back to Glade Elementary School, after being away for about one hour. After a discussion with the assistant principal, the appellant left, stating that she needed to go to Charleston to straighten the certification matter out.[4] That evening, the appellant called the assistant principal seeking permission to continue teaching until the matter was straightened out. After consulting with the principal, the assistant principal gave the appellant permission to come in the next day and work until she would be able to get the matter straightened out.

The appellant Monteith returned to her teaching duties the following day, but near the end of the day, was summoned to the principal's office, where the principal and assistant principal were present. A letter was given to the appellant at this meeting, explaining that she was being suspended

---

2. The salary set forth in the contract also reflected the appellant's nine years of teaching experience.

3. The appellant's testimony at the hearing before the Webster County Board of Education indicated that she was under the impression that she had already possessed "A.B. plus fifteen" classification and needed not do anything else to achieve such status:

A. At no time was there any mention that I would have to file a paper, a form of any kind, in order to attain such a scale. In fact, the first I found out about having to file that form was on the 25th day of September.

Q. Now, at that time, were you under the impression that the transcript and credits you provided and forwarded, that you would be automatically eligible for an A.B. plus fifteen?
A. Yes.
Q. Is that what you expected to get?
A. I expected to get that, ...
Transcript of Board hearing, pp. 113–14.

4. There is a conflict between the testimony of the appellant and the assistant principal as to whether she had permission to leave the school at this time.

for leaving her class area unattended and leaving the school without permission.

The appellant was charged with insubordination, intemperance, and wilful neglect of duty pursuant to *W. Va. Code*, 18A–2–8 [1969].[5] After a hearing, the Webster County Board of Education voted unanimously to dismiss the appellant upon these charges.

The Circuit Court upheld the Board's decision to dismiss the appellant.[6]

■ The appellant argues that the Circuit Court's order, which was based upon the Board of Education's finding that she left her class unattended, is not supported by the evidence. This contention is based on the fact that the first grade classroom in which the appellant taught is one room, where three other teachers were present. Moreover, the assistant principal was aware of the situation as the appellant was leaving the school. He had even provided for someone to fill in for the appellant Monteith. Therefore, the appellant argues, the class was not left unattended.

"An order based on findings of an administrative body which are contrary to the evidence will be reversed." Syl. pt. 1, *Hall v. Protan*, 158 W.Va. 276, 210 S.E.2d 475 (1974). *See also Robertson v. Truby*, 170 W.Va. 62, 65, 289 S.E.2d 736, 738 (1982); syl., *Surratt v. Rutledge*, 167 W.Va. 903, 280 S.E.2d 726 (1981); *Drennen v. Dept. of Health*, 163 W.Va. 185, 191, 255 S.E.2d 548, 552 (1979).

We agree with the appellant's contention that the evidence does not support the circuit court's finding. Although the appellant did not exercise good judgment, in her distress, she left a classroom in which three other adults were present. The children were working on a project, and a replacement for that day came in shortly after the appellant's exit to supervise her section of the class. For these reasons, the evidence does not support the Board's finding that the appellant left her class unattended. Consequently, the circuit court's order based upon this finding will be reversed.

■ The appellant further contends that her conduct could have been corrected by a simple directive to not leave the class as she did. § 5300(6)(a) of the *Policies, Rules and Regulations* of the West Virginia Board of Education[7] states, in pertinent part, that: "Every employee is entitled to the opportunity of improving his job performance, prior to the termination or transferring of his services, and can only do so with assistance of regular evaluation." This Court, in syllabus point 4 of *Mason County Board of Education v. State Superintendent of Schools*, 165 W.Va. 732, 274 S.E.2d 435 (1980), set forth a test to determine whether this provision should be followed: "It is not the label given to conduct which determines whether § 5300(6)(a) procedures must be followed but whether the conduct forming the basis of dismissal involves professional incompetency and whether it directly and substantially affects the system in a permanent, non-correctable manner." The appellant's conduct in the case now before us was clearly correctable and did not substantially affect the students, the school, or the school system in a permanent way. It was error for the Board to not adhere to the policy established by § 5300(6)(a). This Court has held:

Failure by any board of education to follow the evaluation procedure in West Virginia Board of Education Policy No. 5300(6)(a) prohibits such board from discharging, demoting or transferring an employee for reasons having to do with prior misconduct or incompetency that has not been called to the attention of the employee through evaluation, and which is correctable.

Syl. pt. 3, *Trimboli v. Board of Education*, 163 W.Va. 1, 254 S.E.2d 561 (1979). *See*

---

**5.** *W.Va.Code*, 18A–2–8 was amended in 1985. The effect of the amendment, however, has no bearing on the decision of this case.

**6.** The Circuit Court upheld the charges of insubordination and wilful neglect of duty. However, it found that "intemperance," as used in *W.Va.Code*, 18A–2–8 [1969], refers to the effect of intoxication upon one's ability to function in a given capacity. Accordingly, it found that intemperance was not a ground for dismissing the appellant.

**7.** This regulation is codified in W.Va. C.S.R. § 126–141–2.6.a (1983).

*also* syl. pt. 1, *Powell v. Brown*, 160 W.Va. 723, 238 S.E.2d 220 (1977).

█ Finally, the appellant argues that the actions of the Board of Education were arbitrary and capricious and in violation of her due process rights.[8] In so contending, she points to instances where this Court overturned dismissals of school teachers. In *Beverlin v. Board of Education*, 158 W.Va. 1067, 216 S.E.2d 554 (1975), this Court reversed the dismissal of a teacher who missed his first day of employment because he was registering for college classes and the students were not required to be present yet. In *Fox v. Board of Education*, 160 W.Va. 668, 236 S.E.2d 243 (1977), this Court overturned the dismissal of a teacher who missed a parent-teacher conference, balancing the teacher's misconduct against the more heavily weighing contract interest of a teacher with twenty-three years of experience.

In the case now before us, the circuit court distinguished *Beverlin* and *Fox,* holding them inapplicable because pupils were not present to be affected by the teacher's misconduct. However, the evidence in this case shows that pupils were not left unattended.

The appellant Monteith possessed nine years of teaching experience. Clearly, even though the appellant did not set an exemplary standard for others in her circumstances, dismissal was not appropriate.

For the foregoing reasons, the judgment of the Circuit Court of Webster County is reversed. The appellant will be reinstated with full back pay and benefits, subject to the limitations regarding mitigation of damages discussed in *Mason County Board of Education v. State Superintendent of Schools*, 170 W.Va. 632, 295 S.E.2d 719 (1982).

REVERSED.

---

8. The appellant also intimates that her dismissal was the result of her protestation of a unilateral salary reduction, hence, executed with retaliatory motive. This contention, however, is not supported by the record.