# CHARLESTON.

ROBINSON *v.* BOARD OF EDUCATION, DISTRICT OF CABIN CREEK.

Submitted February 14, 1911.    Decided December 5, 1911.

1.   ASSUMPSIT, ACTION OF—*Pleading—Declaration.*

Common counts in *assumpsit,* otherwise good on demurrer, are not rendered bad and subject to demurrer, because it may appear from a special count of the declaration that the contract, pleaded and relied on therein, is executory and not provable under the common counts.   (p. 97).

2.   SAME.

Nor will such common counts be rendered demurrable, because by reference to the bill of particulars filed with the declaration, it appears that the same is for services contracted for, but not yet rendered, under an executory contract, pleaded in the special count.  A bill of particulars is no part of the declaration.  *Riley* v. *Jarvis,* 43 W. Va. 43; *Clarke* v. *O. R. R. Co.,* 39 W. Va. 732.   (p. 97).

3.   SCHOOLS AND SCHOOL DISTRICTS—*Officers—District Superintendent —Discharge—Remedies.*

A teacher employed as district superintendent, by the board of education thereof, as provided by section 163, ch. 45, Code Supplement, 1909 (section 163, chapter 27, Acts 1908), may immednately upon his discharge without good cause, or the repudiation of the contract by such board, sue for damages for a breach of the contract by defendant.  *Rhoades* v. *C. & O. Ry. Co.,* 49 W. Va. 494, 39 S. E. 209; *Cutter* v. *Gillette,* 163 Mass. 95; *Davis* v. *Grand Rapids Furn. Co.,* 41 W. Va. 717, 24 S. E. 630; *Pancake* v. *Campbell Co.,* 44 W. Va. 82; *Roehm* v. *Horst,* 178 U. S. 1; *Mutual Reserve Ass'n.* v. *Taylor,* 99 Va. 208, 37 S. E. 854; *King & Graham* v. *Steiren,* 44 Pa. St. 99.   (p. 97).

4.   SAME—*Officers—District Superintendent—Employment.*

The special count of the declaration in this case, otherwise good, charging among other things, that the board of education

70 W. Va.

of the district "at a regular meeting thereof" held therein on a day specified, "according to law," "entered into a certain verbal contract" with plaintiff, whereby it employed him as district superintendent for the time and for the price stipulated, is not rendered bad on demurrer by the charge that such ·contract was a *verbal* one.  A board of education, by proper action at a regular meeting, may by verbal contract, legally employ a district superintendent, the statute authorizing such employment not requiring the contract to be in writing.  28 Cyc. 666, and cases cited in notes; 2 Dillon Mun. Corp. (5th ed.) section 783.  (p. 97).

5.  Assumpsit, Action of—*Pleading—Special Counts.*

If a special count contains matter sufficient to entitle plaintiff to a recovery, the fact that it also contains other matter not constituting good ground of action will not render the count bad on demurrer.  The good is not vitiated by the bad.  This point is applicable to the item of $75.00, alleged expenses incurred by plaintiff in attending school preparatory to the execution of his · contract for service.  *Duty* v. *C. & O. Ry. Co.,* 70 W. Va. 14, decided this term, and cases cited.  (p. 97).

Error to Circuit Court, Kanawha County.

Action by O. K. Robinson against the Board of Education of the District of Cabin .Creek, in the County of Kanawha. Judgment for defendant, and plaintiff brings error.

*Reversed and Remanded.*

*Jones, Murphy & Ballard,* for plaintiff in error.

*Mollohan, McClintic & Mathews,* for defendant in error.

Miller, Judge:

The court below having in disregard of these well grounded rules sustained defendant's demurrer to the declaration and to each count thereof, and dismissed plaintiff's action, the judgment below must be reversed and the case remanded to that court to be there further proceeded with in accordance with these principles, and further according to the rules and practices governing courts of law.  Judgment reversed and case remanded.

*Reversed and Remanded.*