MASON COUNTY BOARD OF EDUCATION

*v.*

STATE SUPERINTENDENT OF SCHOOLS,

DANIEL B. TAYLOR

(No. 13673)

Decided April 5, 1977.

Rehearing Denied May 9, 1977.

*Davis & Nesius, K. Paul Davis, John J. Nesius, Donald C. Kingery,* for Mason County Bd. of Education.

*Charles H. Damron,* for Bright McCausland.

*William A. Toussaint,* Special Assistant Attorney General, for Daniel B. Taylor.

MILLER, JUSTICE:

This appeal, from the refusal of the Circuit Court of Kanawha County to issue a writ of certiorari, involves the question of whether a county board of education has standing in certiorari to obtain judicial review of an adverse decision of the State Superintendent of Schools. We hold that it does.

The Circuit Court was of the opinion that the Mason County Board of Education lacked standing, since it had

originally acted in a quasi-judicial capacity when it dismissed a school principal under the provisions of *W. Va. Code*, 18a-2-8.

The facts are not in dispute. On September 1, 1972, the Board dismissed one of its school principals. The decision was not unanimous and the principal exercised his statutory right of appeal to the State Superintendent of Schools. *W. Va. Code*, 18A-2-8. The State Superintendent, after making the Board a party to the proceeding, reviewed the record made at the hearing before the Board, and on April 4, 1974, issued a ruling ordering the reinstatement of the principal with back pay. It is from this order that the Board petitioned the Circuit Court for a writ of certiorari.

While the facts of this case have certain indicia of the usual appeal from an adverse ruling of an administrative agency, several features make this decision *sui generis*. First, in enacting the Administrative Procedure Act, *W. Va. Code*, 29A-1-1, *et seq.*, the Legislature expressly exempted the State Board of Education from its purview, except as to the filing of its rules with the Secretary of State. *W. Va. Code*, 29A-1-2. The State Superintendent of Schools, appointed by the State Board of Education and serving as its chief executive officer, *W. Va. Code*, 18-3-3, is not subject to the Administrative Procedure Act, nor is a county board of education, not being a State agency. *W. Va. Code*, 29A-1-1(a). Consequently, the provisions of the Administrative Procedure Act are not controlling.

Second, we recognize the general rule that in the absence of statutory authority, an administrative officer or agency is not entitled to judicial review of an adverse ruling made within the administrative appellate process of the agency.[1] 2 Cooper, State Administrative Law 548;

---

[1] There are such statutory exceptions existing in this State, and without attempting to be exhaustive, the following serve to illustrate the point. *W. Va. Code*, 23-5-4, authorizes the Workmen's Compensation Commissioner to appeal from an adverse decision of the Appeal Board. *W. Va. Code*, 21A-7-17, makes the Commissioner of

Davis, *Standing of a Public Official to Challenge Agency Decisions: A Unique Problem of State Administrative Law*, 16 Ad. L. Rev. 163 (1964); Annot. 117 A.L.R. 216 (1938).

There is a quality of reasonableness in this general rule, since we can assume that the final decision of an administrative tribunal reflects that particular agency's policy. To permit it to be attacked in the courts by its own personnel, in the absence of an express legislative authorization, would open the door to competing and antagonistic policies.[2]

Third, the Legislature has not prescribed a comprehensive administrative procedure in dismissal or suspension of school personnel. The only applicable provision, *W. Va. Code*, 18A-2-8, grants to a dismissed or suspended employee the right of appeal to the State Superintendent of Schools when the county board's decision is by a divided vote. There is no further statutory outline as to how this appeal will be processed, either in the Article dealing with school personnel, *W. Va. Code*, 18A-2, or in the Article dealing with the State Superintendent of Schools, *W. Va. Code*, 18-3.

Because of the absence of statutory guidelines, this Court has fashioned procedures for the review of quasi-judicial administrative actions involving school boards, through the use of the writ of certiorari. In *Beverlin v. Board of Education of Lewis County*, ___ W.

---

Employment Security a party for purpose of appealing a ruling of the Board of Review. *W. Va. Code*, 20-5A-16, empowers the Chief of the Division of Water Resources of the Department of Natural Resources to appeal an adverse decision of the State Water Resources Board.

[2] This Court has recognized that in those instances where judicial review of administrative proceedings is proper, the review may not extend to those matters which are essentially non-judicial in nature. Further, if the Legislature attempts by statute to extend the scope of review into these non-judicial areas, it is violative of the doctrine of separation of powers found in Article V, Section 1 of the West Virginia Constitution; *State v. Huber*, 129 W. Va. 298, 40 S.E.2d 11 (1946); *United Fuel Gas Co. v. Public Service Commission*, 73 W. Va. 571, 80 S.E. 931 (1914).

Va. ___, 216 S.E.2d 554 (1975), we held that a teacher could apply directly for certiorari after dismissal by a county board of education and, upon a review, the court could determine if the board had acted arbitrarily or capriciously.[3]

We have also held that where a county superintendent appeals his dismissal by a county board of education to the State Superintendent, the board is to be given notice and an opportunity to be heard. *Smith v. Siders*, 155 W. Va. 193, 183 S.E.2d 433 (1971).

*Smith* suggests that a board of education does have standing as an interested party on an appeal to the State Superintendent, although there is no discussion of this point in the opinion. The fact remains that a mandatory right to be heard was given to a board of education on an appeal to the State Superintendent by a dismissed employee.

We recognize that considerable authority is vested in a county board of education to operate its public schools. *W. Va. Code*, 18-5-1, *et seq.* A county board of education, an elective body, is directly answerable to the citizens. It has a mandatory duty to enter into written contracts with its teachers. *W. Va. Code*, 18A-2-2. These contracts constitute valuable property rights to the employees which, if severed improperly, can subject the board to monetary claims. *Beverlin, supra; Robinson v. Board of Education, District of Cabin Creek*, 70 W. Va. 66, 73 S.E. 337 (1911).

---

[3] *Beverlin* did not articulate the reason why a dismissed teacher has the right to certiorari upon an adverse ruling by a school board. *Code*, 18A-2-8, provides that if the decision is not unanimous "... the person ... shall have the right of appeal to the state superintendent of schools." If the decision is unanimous, no appeal right exists and the availability for certiorari is clear, since there is no other administrative step set out nor any statutory right of review to the circuit court. From the record in *Beverlin*, it is not possible to determine if the vote was divided or unanimous, but a reasonable construction of *W. Va. Code*, 18A-2-8, leads to the conclusion that the "right of appeal" is not a mandatory requirement. We are reinforced in this conclusion by the fact that the Legislature did not provide any further statutory guidelines in this area.

A county board of education, being a party to contracts of employment with its school personnel and entitled to be heard on appeal before the State Superintendent, should have the right to judicial review of an adverse ruling. This is the same right we have accorded employees of a county board. To hold otherwise is to give an unfair advantage to one party to the contract. One of the essential elements of a valid contract is mutuality of remedy. *McGinnis v. Enslow*, 140 W. Va. 99, 82 S.E.2d 437 (1954).

The procedural matters involving suspension or dismissal of a teacher are not analogous to the normal administrative proceeding, where there is a gradatory procedure within an autonomous and integrated agency. In the normal administrative procedure, the process moves vertically within the agency and decisions are made by persons employed by such agency. In this context, one may presume a fair measure of control over the decision-making process by the agency itself, and it should not be expected that the agency or its employees involved in the decision-making process would have a right to appeal an adverse ruling made by its higher level administrators.[4]

Here, however, there is no such administrative autonomy. A county board of education is virtually independent of the State Superintendent of Schools in the operation of its schools and in particular in the selection of teachers. There is room for differing philosophies and policies between a county board of education and the State Superintendent. If one can surmise any rationale behind the legislative enactments in this area, it is that

---

[4] We have previously noted in footnote 1 several statutory exceptions providing for appeal by an agency or its director. When these statutes are read in the full context of the particular administrative procedure, it becomes apparent that the right of appeal was granted from an administrative board which was not under the control of the agency. In these situations, it would appear that the Legislature recognized that an agency should have the right to protect its policy by having the right of appeal.

the Legislature intended to encourage and perpetuate this divergence, expecting county school boards to operate in and be responsive to the interests of the citizens of the counties.

Thus, we conclude that a county board of education has standing to obtain judicial review by writ of certiorari of an order of the State Superintendent of Schools requiring the reinstatement of an employee dismissed by the county board.

This case is remanded to the Circuit Court of Kanawha County, with the direction that it issue the writ of certiorari.

*Reversed and remanded.*