266 S.E.2d 122 (1979)
STATE ex rel. Juanita GIBSON
v.
James PIZZINO, Wyoming County Superintendent of Schools, and The Wyoming County Board of Education, et al.
No. 14494.
Supreme Court of Appeals of West Virginia.
May 29, 1979.
Opinion on Rehearing May 16, 1980.
*123 Warren R. McGraw, Pineville, for petitioner.
D. Grove Moler, Mullens, for respondents.
MILLER, Justice:
Relator, Juanita Gibson, filed this original petition for writ of mandamus seeking to compel the respondents, the Wyoming County School Superintendent and the County Board of Education, to comply with an April 3, 1979, decision of the State Superintendent of Schools. This decision required the respondents to reinstate the relator to a certain school bus route to which she had previously been assigned as a driver.[1]
The respondents answered, contending that a writ of mandamus should not be awarded since it is their intention to appeal the State Superintendent's decision to the Circuit Court under the procedural principle set out in the case of Mason County Board of Education v. State Superintendent of Schools, W.Va., 234 S.E.2d 321 (1977). In the sole syllabus point of that case, we held:
"A county board of education does have standing to obtain judicial review in the circuit court by a writ of certiorari of an order of the State Superintendent of Schools requiring the reinstatement of an employee dismissed by the county board of education."
As we noted in Mason County Board of Education, "the Legislature has not prescribed a comprehensive administrative procedure in dismissal or suspension of school personnel." 234 S.E.2d at 322. We also observed that, in enacting the Administrative Procedures Act, W.Va.Code, 29A-1-1, et seq., the Legislature provided that "[t]he State Superintendent of Schools . . . is not subject to the Administrative Procedure[s] Act, nor is a county board of education, not being a State agency." 234 S.E.2d at 322.
In Mason County Board of Education, supra, we gave to a local board of education the right to seek review of adverse administrative decisions of the State School Superintendent by way of a writ of certiorari in the circuit court. This same right was extended to teachers in Beverlin v. Board of Education, W.Va., 216 S.E.2d 554 (1975), and *124 State ex rel. Board of Education v. Martin, 112 W.Va. 174, 163 S.E. 850 (1932).
In the present mandamus action we are asked to enforce the State School Superintendent's decision in the face of respondents' answer that they intend to apply for a writ of certiorari in the Circuit Court. In Taylor v. Miller, W.Va., 249 S.E.2d 191, 192 (1978), which involved a landowner's attempt to compel the State through a mandamus action to pay an eminent domain award, we stated:
"Both parties agree that under the law, mandamus will not lie to compel the State to pay an eminent domain award unless there is a final order and the appeal time has expired. State ex rel. Judy v. Kiger, 153 W.Va. 764, 172 S.E.2d 579 (1970); State ex rel. Cassinelli v. Bassett, 148 W.Va. 697, 137 S.E.2d 232 (1964); State ex rel. Smith v. Hall, 94 W.Va. 400, 119 S.E. 166 (1923); Poling v. Board of Education, 50 W.Va. 374, 40 S.E. 357 (1901); see F. Ferris & F. Ferris, Jr., The Law of Extraordinary Legal Remedies §§ 212, 215 (1926); S. Merrill, Law of Mandamus §§ 130, 131 (1892)."
We refused the writ of mandamus in Taylor because there was no final order and consequently the appeal time had not expired. Here, there is a final administrative order by the State Superintendent of Schools, but the respondents have a right to have it reviewed by a writ of certiorari.
We therefore conclude that a writ of mandamus will not lie to compel a county board of education or its school superintendent to comply with a final administrative order of the State Superintendent of Schools until the time for filing of a petition for writ of certiorari in the circuit court has expired.
The question remains as to the time limit within which the petition for writ of certiorari must be filed. We discussed the common law scope of the writ of certiorari and its statutory expansion by virtue of W.Va. Code, 53-3-1, et seq., in North v. West Virginia Board of Regents, W.Va., 233 S.E.2d 411, 418-19 (1977). However, the statutes relating to the writ of certiorari in W.Va.Code, 53-3-1, et seq., do not prescribe any time period within which the writ must be filed, nor is there much case law on this point in this State.
It appears that the Court has utilized the doctrine of laches in earlier cases involving the use of the writ of certiorari to review judgments rendered in justice of the peace courts. In these cases, we applied by way of analogy the statutory period for filing an appeal absent some showing of hardship or other good cause to warrant an extension. See, e. g., Johnson v. Ridgely, 64 W.Va. 130, 61 S.E. 42 (1908); Morgan v. Ohio River Railroad, 39 W.Va. 17, 19 S.E. 588 (1894); Long v. Ohio River Railroad, 35 W.Va. 333, 13 S.E. 1010 (1891). The statutory appeal period involved was ten days and one senses the Court was somewhat liberal in finding good cause to permit the filing for a writ of certiorari beyond that period.
This reasoning is in accord with the general rule that in the absence of an express statute establishing the time for applying for a writ of certiorari, the doctrine of laches will be applied, but in determining the time period, the statutory time period for filing an appeal will be applied by analogy. 14 Am.Jur.2d Certiorari § 30; 14 C.J.S. Certiorari § 65; Annot., 40 A.L.R.2d 1381 (1955). As previously stated, our few cases touching on this point appear to follow the general rule.
Here, the time period for filing for writ of certiorari in the Circuit Court can by analogy be equated with the time period for filing an appeal in the circuit court from either a county court under W.Va.Code, 58-3-4, or from a court of record of limited jurisdiction under W.Va.Code, 58-4-4.[2] In both instances, the appeal period is four months.
*125 We, therefore, conclude that ordinarily, in the absence of some showing of good cause, an application for a writ of certiorari must be filed within four months from the date of the final administrative order of the State Superintendent of Schools. Since this time period has not expired in the present case, the writ of mandamus is premature and cannot be awarded, and the rule to show cause heretofore granted is discharged.[3]
Writ denied.
McGRAW, J., deeming himself disqualified did not participate in the consideration or decision of this case.
A rehearing was granted upon the motion of the relator, in order to determine whether we should alter the time period for filing a writ of certiorari, since this period had been set without the benefit of briefs from counsel on this point. Counsel for petitioner argues that the four-month period creates too long a delay and that we should adopt the thirty-day appeal period by analogy from the Administrative Procedures Act, W.Va.Code, 29A-5-4(b).
We decline to make this analogy, since we are of the view that the issues involved in this type of case may be considerably more complex than in the normal administrative procedure case and, as a consequence, preparation of the record may make it impossible to meet a thirty-day time period. It must be remembered that the four-month limitation period constitutes the outside date in which the writ of certiorari has to be filed in the circuit court, and this does not preclude the losing party from accelerating the filing. Moreover, as pointed out in the original opinion, there are relevant statutory periods for filing such a writ from an inferior tribunal. See W.Va.Code, 58-3-4, and W.Va.Code, 58-4-4.
For these reasons, we refuse the relief requested.
NOTES
[1] It appears that relator utilized the administrative appeal procedures contained in Regulation 1340 of the Policies, Rules and Regulations of the West Virginia Board of Education (1974), which permits the State Superintendent of Schools to hear and determine "controversies and disputes arising under school laws" after there has been an attempted resolution at the local level.
[2] We recognize that Article VIII, Section 5 of the West Virginia Constitution, as a result of the Judicial Reorganization Amendment, converted courts of record of limited jurisdiction to circuit courts. However, the statutory appeal period in W.Va.Code, 58-4-4, provides an historical time standard for purposes of analogy.
[3] In determining that a writ of mandamus is premature in this case, we do not foreclose relator from a further application if respondents do not timely apply for a writ of certiorari.