560 S.E.2d 260

Dorsey C. SCOTT, Petitioner
Below, Appellant,

v.

David STEWART, State Superintendent of
Schools and West Virginia Department
of Education, Respondents Below, Appellees.

No. 29772.

Supreme Court of Appeals of
West Virginia.

Submitted Nov. 6, 2001.

Decided Dec. 12, 2001.

Basil R. Legg, Jr., Clarksburg, for the Appellant.

Darrell V. McGraw, Jr., Attorney General, Kellie D. Talbott, Senior Assistant Attorney General, Charleston, for the Appellees.

ALBRIGHT, Justice.

This is an appeal from the January 25, 2001, order of the Kanawha County Circuit Court, denying the petition for a writ of certiorari filed by Dorsey C. Scott (hereinafter "Appellant") to obtain judicial review of the administrative proceedings of the State Superintendent of Schools (hereinafter "State Superintendent") by which Appellant's professional teaching and administration cer-

tificates were revoked. Appellant assigns error to the circuit court's ruling that, as a matter of law, certiorari is no longer a proper means by which judicial review of the State Superintendent's decisions regarding certification revocation may be obtained. Appellant also argues that the lower court incorrectly found that his due process rights were not abridged by the procedures followed in the administrative proceedings. Upon review of the petition for appeal, the certified record and the briefs and argument of counsel, we reverse the decision of the circuit court and remand for further proceedings.

## I. Factual and Procedural Background

Appellant was certified as a professional teacher or administrator in the West Virginia school system for over forty years. He retired from service in the school system in 1987.

By letter dated March 8, 2000, the State Superintendent notified Appellant that proceedings would be instituted to consider revocation of his certification because of a history of drunkenness, including a felony conviction for a third offense of driving under the influence (hereinafter "DUI").[1] The letter also informed Appellant that a hearing on the matter would be held before the Professional Practice Panel (hereinafter "Panel") on March 28, 2000, with the proceedings governed by State Board Policy 1340 (hereinafter "Policy 1340")[2]. Additionally, the letter noted that failure to contest or defend the allegations would result in the admission of the charges under the provisions of section 4.14 of Policy 1340.

Appellant's counsel formally requested and was granted a continuance of the March 28, 2000, hearing. During the period of continuance, settlement negotiations between counsel for the parties ensued. By letter dated June 14, 2000, counsel for the State Superintendent forwarded to Appellant's counsel a proposed settlement agreement. After making minor changes in the agreement, Appellant's counsel forwarded it to his client on June 20, 2000.[3] On June 29, 2000, counsel for the State Superintendent faxed a letter bearing the same date to Appellant's counsel which indicated that she understood that his client was agreeable to entering into a settlement agreement in lieu of appearing before the Panel but that she had not received a response to the settlement proposal. The letter went on to state: "Please be advised that the Practice Panel is currently scheduled to meet on July 18, 2000 at the Wingate Inn in South Charleston, West Virginia. If Mr. Scott has not agreed to a settlement by that date, we will be presenting evidence before the Panel in his case." Appellant's counsel asserts that he called counsel for the State Superintendent upon receipt of the June 29, 2000, letter to request that the hearing be continued until the August 2000 meeting of the Panel because he would be in Florida on July 18, 2000, and no other attorney was available to appear on his client's behalf on that date.[4]

Subsequently, the State Superintendent sent a letter by certified first-class mail to Appellant on July 13, 2000. The letter was captioned "AMENDED NOTICE" and informed Appellant that, unless he agreed to the settlement proposal, the revocation hearing before the Panel would be held on July 18, 2000. The amended notice also specified the time and place of the hearing. A copy of the amended notice was also sent to Appellant's counsel.[5]

---

1. West Virginia Code § 18A-3-6 (1969) (Repl. Vol.2001) provides in pertinent part: "The state superintendent may, after ten days' notice and upon proper evidence, revoke the certificates of any teacher for drunkenness, untruthfulness, immorality, or for any physical, mental or moral defect which would render him unfit for the proper performance of his duties as a teacher . . . ."

2. 126 W.Va.C.S.R § 4 (1999).

3. Appellant's counsel asserts in his brief that he did not receive the proposed settlement agree-

ment until June 17, 2000, and that his client did not return the document to him until July 10, 2000.

4. Appellant's counsel said that he had informed the State Superintendent's counsel during the settlement agreement negotiations that he would be in Florida from July 12 to July 20, 2000, to watch his daughter play in a national youth basketball tournament.

5. Appellant's counsel maintains that his office received the amended notice after he was in Florida, and that he called the State Superinten-

The Panel convened the hearing as scheduled on July 18, 2000.[6] Neither Appellant nor his attorney were present at the hearing and no explanation was given to the Panel for their absence. Instead, the State Superintendent's counsel informed the Panel that Appellant and his attorney were duly notified of the hearings. Thereafter, the State Superintendent's counsel presented evidence in support of revocation of Appellant's certification.

On August 2, 2000, the Panel entered its decision recommending that the State Superintendent revoke Appellant's certification based on his felony DUI conviction and other DUI convictions dating back to 1977. The State Superintendent adopted the Panel's recommendation and by order dated August 17, 2000, revoked Appellant's certification.

Appellant sought judicial review of the administrative revocation proceedings by filing a petition for writ of certiorari in the Kanawha County Circuit Court on November 14, 2000. On or about December 13, 2000, the State Superintendent by counsel filed a motion to dismiss the petition on the grounds that it was not timely filed within the thirty-day period required by the Administrative Procedures Act (hereinafter "APA").[7] Following the submission of briefs by the parties, the circuit court entered an order on January 25, 2001, denying Appellant's petition. In this order, the lower court found as a matter of law that the 1988 amendment of the APA, which added the state board of education to the agencies subject to the provisions of the APA, eliminated any other avenue for obtaining judicial review of the State Superintendent's revocation proceedings. The order also found that the notices of the administrative hearing issued by the State Superintendent were adequate under due process principles. It is from this order that this appeal is taken.

---

dent's counsel from Florida to again request a continuance of the hearing.

**6.** The State Superintendent did not attend the hearing.

**7.** W.Va.Code § 29A–5–4(b) (1998).

**8.** 1964 W.Va. Acts Reg. Sess. ch. 1.

## II. Standard of Review

We are guided by the fact that "[t]his Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syl. Pt. 4, *Burgess v. Porterfield*, 196 W.Va. 178, 469 S.E.2d 114 (1996).

## III. Discussion

The first issue presented is whether the provisions of West Virginia Code § 29A–5–4 (1998), governing judicial review of administrative decisions in contested cases subject to the APA, constitutes the sole means of achieving judicial review of agency actions.

We initially note that when the APA was first enacted in 1964,[8] the State Board of Education and the state superintendent of schools as its chief executive officer[9] were exempt from the provisions of the Act. In the absence of legislative guidelines for review of the quasi-judicial administrative actions of the state superintendent, this Court determined that such review was appropriately achieved through use of writs of certiorari pursuant to the provisions of West Virginia Code §§ 53–3–1 to –6 (1923) (Repl.Vol.2000). *Mason County Bd. of Educ. v. State Superintendent of Schools*, 160 W.Va. 348, 234 S.E.2d 321 (1977); *see also State ex rel. Gibson v. Pizzino*, 164 W.Va. 749, 266 S.E.2d 122 (1979).

Subsequent amendment to the APA removed the exemption of the State Board of Education.[10] The State Superintendent argues this amendment, in effect, established the provisions of the APA as the sole means of pursuing judicial review of quasi-judicial administrative decisions of the state superintendent. West Virginia Code § 29A–5–4(a), which provides for appeal of such orders to a circuit court, sets forth the ready answer to

---

**9.** *Mason County Bd. of Educ. v. State Superintendent of Schools*, 160 W.Va. 348, 349, 234 S.E.2d 321, 322 (1977).

**10.** 1988 W.Va. Acts 3rd Ex.Sess. ch. 7.

this argument: "[N]othing in this chapter shall be deemed to prevent other means of review, redress or relief provided by law."

We applied West Virginia Code § 29A–5–4(a) in *Halstead v. Dials*, 182 W.Va. 695, 391 S.E.2d 385 (1990), in which we granted a writ of mandamus regarding a consent order made by the Commissioner of the Department of Energy in a contested administrative hearing. We recently commented on the vitality of *Halstead* in *State ex rel. Stewart v. Alsop*, 207 W.Va. 430, 533 S.E.2d 362 (2000). In *Alsop*, we granted a writ of mandamus to prevent a circuit court from joining the state superintendent of schools in an action against a county board of education on an employment issue.[11] We observed in *Alsop* that

> [a]lthough W.Va.Code § 29A–5–4 governs only appeals from administrative decisions, the statute does not preclude a party from seeking relief from an administrative decision through an extraordinary writ. It is specifically provided under W.Va.Code § 29A–5–4(a) that "nothing in this chapter shall be deemed to prevent other means of review, redress or relief provided by law." When a party seeks to challenge an administrative decision through an extraordinary writ, he/she does so under the authority of the statutes permitting such writs.

*Id.* at 433 n. 4, 533 S.E.2d at 365 n. 4 (citations omitted). We adopt this commentary from *Alsop* to hold that, absent an express statutory provision to the contrary, West Virginia Code § 29A–5–4 does not preclude a party from seeking relief from an administrative decision through an extraordinary writ. A party seeking to challenge an administrative decision by means of an extraordinary writ does so under the authority of the statutes permitting such writs. We

conclude that Appellant in the case before us was entitled to apply to the circuit court for a writ of certiorari if the statutory requirements for such a writ were met by his case. Accordingly, the circuit court's decision in this regard is reversed.

The next issue presented by Appellant is whether the "amended notice" issued by the State Superintendent after the time and place for the initial hearing was altered was sufficient. In the circumstances of this case, we cannot find Appellant was harmed by the limited effect of the second notice since it merely advised him of that which changed— the time and place of the hearing. *See West Virginia Dept. of Human Servs. v. Tammy B.*, 180 W.Va. 295, 376 S.E.2d 309 (1988); 2 Am.Jur.2d *Administrative Law* § 336 (1994).

■ However, Appellant further claims that he was entitled to a hearing before the State Superintendent and that a hearing before the Panel, even if he and his counsel were able to attend, is insufficient. We agree. Although the State Superintendent contends that the procedures set forth in Policy 1340 regarding the conduct of certification revocation proceedings comport with the provisions of the APA, West Virginia Code § 29A–5–1(d) (1964) (Repl.Vol.1998) authorizes hearings to be conducted only by "[t]he agency, any member of the body which comprises the agency, or any hearing examiner or other person *permitted by statute* to hold any such hearing . . . ." *Id.* (emphasis supplied). We can find no statute authorizing the establishment of a panel to hold a hearing on the serious matter of terminating a license to teach in this state.

Based upon the foregoing, the order of the Kanawha County Circuit Court denying the writ of certiorari is vacated and the matter is

---

11. The alternatives for obtaining judicial review of employment decisions involving school personnel are expressly provided by statute, as we explained in syllabus point six of *Ewing v. Board of Education*, 202 W.Va. 228, 503 S.E.2d 541 (1998):

> When an individual is adversely affected by an educational employment decision rendered pursuant to W.Va.Code § 18A–4–7a (1993) (Repl.Vol.1997), he/she may obtain relief from the adverse decision in one of two ways. First, he/she may request relief by mandamus as permitted by W.Va.Code § 18A–4–7a. In the

alternative, he/she may seek redress through the educational employees' grievance procedure described in W.Va.Code §§ 18–29–1 to 18–29–11 (1992) (Repl.Vol.1994). Once an employee chooses one of these courses of relief, though, he/she is constrained to follow that course to its finality.

*Id.* at 230, 503 S.E.2d at 543. West Virginia Code § 18A–4–7a relates to professional educational employees; a similar mandamus provision is found in West Virginia Code § 18A–4–8, which governs school service personnel.

remanded to the circuit court for further proceedings consistent with the conclusions herein stated.

Reversed and remanded.

DAVIS, J., dissenting.

The majority opinion has reversed the circuit court's decision by finding that Mr. Scott could use the writ of certiorari to have the circuit court review an administrative ruling. The majority also reversed by concluding that the administrative hearing in this case was invalid because it was conducted before a panel. For the reasons set forth below, I respectfully dissent.

**A.  The Statute Authorizing a Writ of Certiorari Expressly Prohibits its Use When Another Method of Appeal is Provided for by Law**

Mr. Scott failed to appeal the State Superintendent's ruling, as permitted under the Administrative Procedure Act (APA). Instead, after the time for appeal had.expired,[1] Mr. Scott sought to have the administrative ruling reviewed through a writ of certiorari.[2] The circuit court found that, as a matter of law, Mr. Scott could not have the administrative ruling reviewed through a writ of certiorari. The majority opinion disagreed with the circuit court. In doing so, the majority opinion has overruled prior precedent and exceeded this Court's authority by granting circuit courts certiorari jurisdiction to review decisions rendered pursuant to the procedures of the APA.

The majority opinion correctly noted that prior to 1988 administrative proceedings by the State Superintendent were exempt from

the provisions of the APA. Consequently, prior to 1988, this Court recognized that a circuit court's review of a decision by the State Superintendent had to be filed by a writ of certiorari pursuant to W. Va.Code § 53–3–2. *See* Syl. pt. 1, *Beverlin v. Board of Educ.*, 158 W.Va. 1067, 216 S.E.2d 554 (1975) ("The action of a county board of education in dismissing a teacher for wilful neglect of duty and insubordination is reviewable by a circuit court on certiorari."). The majority opinion also correctly observed that in 1988 the Legislature amended the APA and included administrative hearings by the State Superintendent within its purview.

However, the majority opinion has incorrectly used a provision in the APA to allow for the continued use of the writ of certiorari in challenges to administrative decisions by the State Superintendent. The majority opinion has anchored its decision on language in the APA, stating that "nothing in this chapter shall be deemed to prevent other means of review, redress or relief provided by law." W. Va.Code § 29A–5–4(a) (1998) (Repl.Vol.1998). The problem with the majority's reliance on this provision alone, is that it ignores the language of the statute creating the writ of certiorari and the cases interpreting the limitations of that statute.

Under W. Va.Code § 53–3–2 (1923) (Repl. Vol.2000) the Legislature has expressly stated that a writ of certiorari *cannot* be used "in cases where authority is or may be given by law to the circuit court, or the judge thereof in vacation, to review such judgment or order on motion, or on appeal, writ of error or supersedeas, or in some manner other than upon certiorari[.]"[3] We have long interpret-

---

1.  Mr. Scott had thirty days to appeal under APA.

2.  "[A]n application for a writ of certiorari must be filed within four months from the date of the final administrative order[.]" Syl. pt. 3, in part, *State ex rel. Gibson v. Pizzino*, 164 W.Va. 749, 266 S.E.2d 122 (1979).

3.  W. Va.Code § 53–3–2 (1923) (Repl.Vol.2000) reads in full as follows:

    In every case, matter or proceeding, in which a certiorari might be issued as the law heretofore has been, and in every case, matter or proceeding before a county court, council of a city, town or village, justice or other inferior

tribunal, the record or proceeding may, after a judgment or final order therein, or after any judgment or order therein abridging the freedom of a person, be removed by a writ of certiorari to the circuit court of the county in which such judgment was rendered, or order made; *except in cases where authority is or may be given by law to the circuit court, or the judge thereof in vacation, to review such judgment or order on motion, or on appeal, writ of error or supersedeas, or in some manner other than upon certiorari;* but no certiorari shall be issued in civil cases before justices where the amount in controversy, exclusive of interest and costs, does not exceed fifteen dollars. (Emphasis added).

ed this language to mean that a writ of certiorari cannot be used when a statute provides for another means of judicial review. We articulated this point in syllabus point 4, in part, of *North v. West Virginia Board of Regents*, 160 W.Va. 248, 233 S.E.2d 411 (1977), wherein we said "[a] writ of certiorari will lie from an inferior tribunal, acting in a judicial or quasi-judicial capacity, where substantial rights are alleged to have been violated and where there is *no other statutory right of review given.*" (Emphasis added). *See also Rawl Sales & Processing Co. v. County Com'n*, 191 W.Va. 127, 131, 443 S.E.2d 595, 599 (1994) (holding that writ of certiorari could not be used to appeal property tax assessment decision to circuit court because specific statute provided for appeal); *In re Adoption of Johnson*, 144 W.Va. 625, 628, 110 S.E.2d 377, 379 (1959) ("[T]he writ of certiorari cannot be allowed as a substitute for an appeal or writ of error."); Syl. pt. 1, *Reynolds Taxi Co. v. Hudson*, 103 W.Va. 173, 136 S.E. 833 (1927) ("Certiorari is the appropriate process to review the proceedings of bodies and officers acting in judicial or quasi judicial capacity, where no other remedy is provided."); *Quesenberry v. State Road Comm'n*, 103 W.Va. 714, 719–720, 138 S.E. 362, 364 (1927) ("The writ [of certiorari] is an extraordinary remedy resorted to for the purpose of supplying a defect of justice in cases obviously entitled to redress and yet unprovided for by the ordinary forms of procedure."); *Ashworth v. Hatcher*, 98 W.Va. 323, 325, 128 S.E. 93, 94 (1924) ("[I]f the case, matter, or proceeding may be reviewed by appeal, writ of error or supersedeas, or in any other manner, certiorari will not lie."); *Carroll Hardwood Lumber Co. v. Kentucky River Hardwood Co.*, 94 W.Va. 392, 395, 119 S.E. 162, 163 (1923) ("[I]f the case, matter, or proceeding may be reviewed by appeal, writ of error, or supersedeas, or in any other manner, certiorari will not lie."); Syl. pt. 4,

*Humphreys v. County Court*, 90 W.Va. 315, 110 S.E. 701 (1922) ("No express remedy having been provided for review of [the county commission's] action in such case, the circuit court has jurisdiction to review the same by the writ of certiorari."); *Arnold v. Lewis County Court*, 38 W.Va. 142, 147, 18 S.E. 476, 477 (1893) ("[I]n cases where the party has permitted the time for appeal to expire, certiorari will not issue for relief[.]"); *Long v. Ohio River R.R. Co.*, 35 W.Va. 333, 336, 13 S.E. 1010, 1011 (1891) ("[W]here the party has permitted the time for appeal to expire, certiorari will not issue[.]"); Syl. pt. 1, *Poe v. Machine Works*, 24 W.Va. 517 (1884) ("Certiorari is an extraordinary remedy resorted to for the purpose of supply[ing] a defect of justice in cases obviously entitled to redress and yet unprovided for by the ordinary forms of proceeding.").

The writ of certiorari may only be used when *no* mechanism for review of a judicial or quasi-judicial proceeding is provided for by law. This proposition has stood firm and unshakable from the beginning of this state's creation. *See Welch v. County Court*, 29 W.Va. 63, 73, 1 S.E. 337 (1886) ("[T]he writ of certiorari ought not to issue but should be denied, where there is other adequate remedy[.]"); Syl. pt. 5, in part, *Beasley v. Town of Beckley*, 28 W.Va. 81 (1886) ("Where a party aggrieved can obtain redress by appeal or writ of error, he will not be allowed the extraordinary writ of certiorari."). The majority opinion has, in effect, has overruled precedent followed for over one hundred years without even acknowledging that it has done so.[4]

Equally important and disturbing is the fact that the majority opinion has usurped the authority of the Legislature by granting certiorari in a situation where W. Va.Code § 53-3-2 has expressly prohibited such jurisdiction. It is well settled law that "jurisdiction is derived from the constitutional or statutory provisions by which it is created,

---

4. The lone exception to this rule is an opinion authored by Justice Albright, *Lipscomb v. Tucker County Comm'n*, 197 W.Va. 84, 475 S.E.2d 84 (1996), wherein he misinterpreted the facts and holding in *Falconer v. Simmons*, 51 W.Va. 172, 41 S.E. 193 (1902) in order to allow a party to use the writ of certiorari after the time for appeal to the circuit court had expired. The decision in *Falconer* concerned filing a writ of certiorari instead of an appeal to the circuit court from a judgment from the justice of the peace court. However, the writ of certiorari was filed within the time allowed for an appeal. The Court in *Falconer* determined that it would not make a distinction between an appeal and writ of certiorari under the particular facts of that case, since it was timely filed, and therefore allowed the writ of certiorari to substitute as an appeal.

and can be acquired and exercised only in the manner prescribed." *State v. Bailey,* · 154 W.Va. 25, 29, 173 S.E.2d 173, 175 (1970), *modified on other grounds by State v. Walters,* 186 W.Va. 169, 411 S.E.2d 688 (1991). Moreover, while the state constitution may "prescribe the jurisdiction of courts to entertain and consider specific extraordinary remedies, the various legal and equitable attributes of the remedies may be formulated, prescribed or altered by the Legislature." Syl. pt. 2, in part, *State ex rel. Blankenship v. McHugh,* 158 W.Va. 986, 217 S.E.2d 49 (1975).[5] Through its enactment of W. Va. Code § 53–3–2, the Legislature has expressly prohibited use of the writ of certiorari when the right to appeal has been granted by another statute. This Court has no authority to disregard the limitations imposed on the writ of certiorari by the Legislature.

In the instant proceeding the APA has provided a method of an appeal from a decision rendered by the State Superintendent. Because the APA provides for an appeal, the writ of certiorari cannot be used. The majority opinion has incorrectly ruled otherwise and surreptitiously conferred certiorari jurisdiction to circuit courts to review all decisions by the State Superintendent. With this flawed rationale, I cannot agree.

### B. The State Superintendent is Authorized to Use a Panel to Hear Proceedings

Mr. Scott asserted on appeal that the administrative decision was invalid because the State Superintendent was not personally present at the hearing. The majority opinion, in a terse paragraph, has ruled that the State Superintendent cannot select a panel to hear complaints. The majority opinion has concluded that, under its interpretation of the APA, the right to use a panel to hear administrative complaints is not permitted. Thus, the State Superintendent was without authority to create such a hearing panel. Specifically, the majority opinion states that "West Virginia Code § 29A–5–1(d) authorizes hearings to be conducted by '[t]he agency, any member of the body which comprises the agency, or any hearing examiner or other person permitted by statute to hold any such hearing. . . .' " The majority opinion concluded that "[w]e can find no statute authorizing the establishment of a panel to hold a hearing[.]"

The above reasoning by the majority opinion completely distorts the statutory language. A plain reading of W. Va.Code § 29A–5–1(d) (1964) (Repl.Vol.1998) clearly shows that it does not "authorize" anyone to conduct a hearing. The intent of that statute is to set out the quasi-judicial "power" granted to any "person permitted by statute to hold any such hearing for such agency, and duly authorized by such agency so to do." W. Va.Code § 29A–5–1(d).[6]

The State Superintendent, pursuant to his/her rule making authority,[7] promulgated reg-

---

5. The general right of circuit courts to entertain proceedings in certiorari is set out in Art. VIII, § 6 of the State Constitution.

6. W. Va.Code § 29A–5–1 (1964) (Repl.Vol.1998) reads in its entirety:

All hearings shall be conducted in an impartial manner. The agency, any member of the body which comprises the agency, or any hearing examiner or other person permitted by statute to hold any such hearing for such agency, and duly authorized by such agency so to do, *shall have the power to:* (1) Administer oaths and affirmations, (2) rule upon offers of proof and receive relevant evidence, (3) regulate the course of the hearing, (4) hold conferences for the settlement or simplification of the issues by consent of the parties, (5) dispose of procedural requests or similar matters, and (6) take any other action authorized by a rule adopted by the agency in accordance with the provisions of article three of this chapter.

(Emphasis added.)

7. Part of that authority is found in W. Va.Code § 18–3–4 (1923) (Repl.Vol.1999):

The state superintendent of schools shall cause to be instituted such proceedings or processes as may be necessary properly to enforce and give effect to any provision or provisions of this chapter and to the provisions of any other general or special laws pertaining to the school system of the State, or any part thereof, or of any rule or direction of the state board of education made in conformity with its powers and duties. The superintendent shall have authority to administer oaths and to examine under oath, in any part of the State, witnesses in any proceeding pertaining to the public schools, and to cause such examination to be reduced to writing. Witnesses, other than employees of the State, shall be entitled to the same fees as in civil cases in the circuit court.

ulations for conducting administrative hearings involving teachers. *See* 9A–CSR § 126–4–4–1 et seq. (1999), the term "Superintendent" has been defined to "mean the State Superintendent of Schools, or that person assigned by the Superintendent to hear and determine issues of teaching certificate revocation." Consistent with the latter rule, the State Superintendent has authorized a Professional Practice Panel to hear proceedings. Pursuant to 9A CSR § 126–4–4.4, a Professional Practice Panel is defined as "seven (7) individuals selected to hear and make recommendations to the Superintendent regarding revocation for cause of a teacher's license."

Nothing in the APA or any statute or rule of this Court precluded the State Superinten-

dent from using a panel to hear teacher revocation issues. The majority opinion has erroneously taken language from W. Va.Code § 29A–5–1(d) out of context to contend that this provision establishes who may hear administrative proceedings. I am deeply troubled by this illogical and unjustified conclusion.

In view of the foregoing, I respectfully dissent.

---

The state superintendent of schools shall have power to institute proper proceedings for the removal of any school official charged with dishonesty, continued neglect of duty, or with failure to comply with the provisions of this chapter or of the rules of the state board of education.