# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

2023 Fall Term

_____

No. 22-ICA-277

_____

FILED

**November 13, 2023**

**released at 3:00 p.m.**
EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES
OFFICE OF HEALTH FACILITY LICENSURE AND CERTIFICATION,
Respondent Below, Petitioner,

v.

HEART 2 HEART VOLUNTEERS, INC.
d/b/a SERENITY HILLS LIFE CENTER,
Appellant Below, Respondent.

_____

Appeal from the West Virginia Department of Health and Human Resources
Board of Review
Action No. 22-BOR-1437

AFFIRMED

_____

Submitted: October 11, 2023
Filed: November 13, 2023

Patrick Morrisey, Esq.
Attorney General
Lindsay S. See, Esq.
Solicitor General
Jake Wegman, Esq.
Assistant Attorney General
Charleston, West Virginia
Counsel for Petitioner

Robert L. Coffield, Esq.
L. Elizabeth King, Esq
Flaherty Sensabaugh Bonasso PLLC
Charleston, West Virginia

Robert C. James, Esq.
Flaherty Sensabaugh Bonasso PLLC
Wheeling, West Virginia

Frank X. Duff, Esq.
Schrader, Companion, Duff & Law PLLC
Wheeling, West Virginia
Counsel for Respondent

CHIEF JUDGE GREEAR delivered the Opinion of the Court.

GREEAR, Chief Judge:

Petitioner, the West Virginia Department of Health and Human Resources ("DHHR") Office of Health Facility Licensure and Certification ("OHFLAC"), appeals the November 4, 2022, decision of the West Virginia Department of Health and Human Resources Board of Review ("Board"). In its November 4, 2022, decision, the Board reversed OHFLAC's March 17, 2022, decision that imposed fines (also known as civil monetary penalties or "CMP") for regulatory violations in conjunction with OHFLAC's denial of a behavioral health license renewal application of Respondent, Heart 2 Heart Volunteers, Inc. d/b/a Serenity Hills Life Center ("SHLC").

On appeal, OHFLAC argues that the Board was clearly wrong in finding that there was no basis for the denial of SHLC's license renewal application and corresponding fine levied against SHLC. In its response to OHFLAC's petition for appeal, SHLC contends that OHFLAC lacked standing to appeal the Board's decision. Based upon our review of the record and the arguments of the parties, we find that OHFLAC has standing to bring this appeal and that the Board was not clearly wrong in its reversal of OHFLAC's decision. Accordingly, we affirm the Board's November 4, 2022, decision.

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

SHLC is a behavioral health center located in Wheeling, West Virginia, which provides in-patient and out-patient drug and alcohol rehabilitation services to women suffering from substance abuse disorders. OHFLAC, a division of the DHHR, is the state agency charged with enforcing the provisions of licensure for behavioral health centers.[1] On April 9, 2019, OHFLAC approved SHLC's initial licensure as an in-patient, seventy-two (72) bed residential treatment facility and, on December 4, 2019, renewed SHLC's license for two (2) years.

On September 30, 2021, SHLC applied for a second license renewal, which required an onsite survey of the facility that was initiated by OHFLAC representatives on February 22, 2022. On February 28, 2022, OHFLAC began a parallel investigation of a complaint of the alleged physical abuse of an SHLC resident, Consumer #8.[2] The perpetrator of the alleged abuse was identified as Sharon Travis, the founder, President of the Board of Directors ("Directors"), and chief operating officer ("CEO") of SHLC. The complaint averred that during a Valentine's Day dance at the facility on February 11, 2022, Ms. Travis forcibly grabbed Consumer #8 by the arm and led her away from a group of

---

[1] *See* W. Va. Code § 27-9-1 (2020) and W. Va. Code R. § 64-11-1 to -13 (2021).

[2] "Consumer" is a term of art, specific to OHFLAC and is reflected in its regulations. Consumer, in this context, is defined as, "[a]n individual who receives services, supports, or both, from a provider licensed under this rule." *See* W. Va. Code R. § 64-11-3.

other residents after observing that Consumer #8 had pulled her mask down to talk to the residents in violation of SHLC's COVID-19 protocol.[3]

On March 17, 2022, at the completion of its renewal survey, OHFLAC provided SHLC with a licensure statement of deficiencies[4] and denied the facility's

---

[3] In response to this complaint, OHFLAC instituted an immediate plan of correction at SHLC. As part of the plan of correction, Ms. Travis was to leave the facility and not to have direct or indirect contact with Consumer #8 while an investigation was completed by SHLC's directors. The directors investigated the incident twice, first as part of SHLC's own internal investigation and again at the request of OHFLAC, when new information became available. On February 25, 2022, and March 6, 2022, SHLC's directors concluded that the alleged abuse could not be substantiated. However, citing that the incident was "not appropriate" and constituted "a very poor lack of judgment" by Ms. Travis, the directors placed her on ninety (90) day probation and required her to take several classes.

[4] D.R. at 709. The licensure statement of deficiencies identified deficiencies as follows: locked down facility; inhumane treatment of consumers; biased advocate; discrimination of a consumer who was a Muslim lesbian; abuse of Consumer #8; denied consumers mail, telephone, and in-person communications; failure to investigate two instances of alleged abuse and one instance of improper medication storage; impeding regulatory compliance through Ms. Travis allegedly directing SHLC employees not to speak to OHFLAC; lack of certification of personnel; CPR and first aid training not current; failure to obtain informed consent of consumers regarding prescribed medications; failure to train staff member on approved medication assistive personnel ("AMAP"); improper medication storage; failure to follow abuse and neglect investigative policies; failure to report two instances of abuse and one instance of improper medication storage; immediate plan of correction violations when Ms. Travis was not removed from consumer access pending abuse investigation; failure to have SHLC directors approve and review facility policies and procedures; unsigned copies of policies and procedures throughout the facility; SHLC by-laws contained conflict of interest provision; failure to have financial policies and procedures that follow generally accepted accounting principles; and no job performance evaluations for SHLC employees.

renewal licensure application. In a separate March 17, 2022, letter[5], OHFLAC advised Ms. Travis that SHLC did not:

> meet the minimum requirements for the issuance of a renewal license, due to . . . conducting practices which jeopardize the health, safety, welfare, and clinical treatment of consumers; violation of consumer rights; and failure to make records related to compliance . . . available within a reasonable period of time.[6]

In addition to the denial of the SHLC's renewal license application, OHFLAC notified Ms. Travis that a $10,000 fine was imposed upon SHLC based upon the violations referenced in the licensure statement of deficiencies. SHLC was further advised of and timely exercised its right to appeal.

As part of the appeal process, the Board conducted an administrative hearing from August 16-19, 2022, during which SHLC and OHFLAC representatives presented testimony of multiple witnesses and introduced exhibits. On November 4, 2022, the Board issued a written decision reversing both OHFLAC's denial of SHLC's renewal license application and the $10,000 fine.

In its November 4, 2022, decision, the Board found that OHFLAC failed to show, by a preponderance of the evidence, that SHLC jeopardized the health, safety,

---

[5] D.R. at 1371-1372.

[6] *See* W. Va. Code R. § 64-11-13.1.4.

4

welfare, or clinical treatment of its consumers; or that SHLC failed to make records available to OHFLAC within a reasonable time. The Board concluded that a majority of the violations levied against SHLC, were "not accurately determined" by OHFLAC, including those violations related to availability of records, operating as a lockdown facility, inhumane treatment, a biased advocate, discrimination, abuse, violations of communication rights, failure to investigate, impeding regulatory compliance, uncertified staff, and a violation of the immediate plan of correction.

The Board acknowledged that several of the violations against SHLC were supported by a preponderance of the evidence (including the violations of failure to notify of abuse incident, improper storage of medication, not keeping informed consent records, and training deficiencies), and concluded that these violations were "not insignificant." However, the Board found that these violations did "not support a finding that the health, safety, welfare, or clinical treatment" of SHLC consumers was "significantly jeopardized." Without such a finding, the Board concluded that the denial of SHLC's renewal license application was improper. Further, the Board further reasoned that as OHFLAC failed to show that the practices of SHLC clearly gave rise to imminent danger of serious harm or the immediate risk of imminent danger of serious harm, such that the fine levied against

SHLC could also not be sustained.[7] It is from the Board's November 4, 2022, decision that OHFLAC now appeals.

## II.   STANDARD OF REVIEW

The parameters of our appellate review, as set forth in W. Va. Code § 29A-5-4(g) (2021), are as follows:

> The court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision, or order are:
>
> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the agency;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

"The 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume the agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). Although findings and decisions of an agency are entitled

---

[7] W. Va. Code R. § 64-11-13.3.3 only permits such a penalty "if the behavioral health center conducts practices which jeopardize the health, safety, welfare, or clinical treatment of consumers[.]"

to considerable deference, reviewing courts are not required to "rubber stamp" agency determinations, "even when credibility assessments are at issue." *Id*. at 447, 473 S.E.2d at 488. In reviewing agency decisions, courts must determine not just whether the decision is supported by "substantial evidence," but "whether its findings and conclusions were adequately explained." *Id*. at 446, 473 S.E.2d at 487. With this standard in mind, we now consider the issues raised by the parties on appeal.

### III.   DISCUSSION

On appeal, OHFLAC asserts two assignments of error:

1.  The Board was clearly wrong to require OHFLAC to issue a renewal behavioral health license to SHLC; and

2.  The Board was clearly wrong to vacate the civil monetary penalty levied against SHLC.

OHFLAC contends that the Board was clearly wrong in reversing its denial of SHLC's renewal license application, as substantial evidence exists to support the alleged violations against SHLC. We disagree. However, as a prelude to addressing OHFLAC's claims on appeal, we must first address whether OHFLAC possesses standing to bring this appeal.

### A.  Standing

The Supreme Court of Appeals of West Virginia ("SCAWV") has long defined standing as "[a] party's right to make a legal claim or seek judicial enforcement of a duty or right." *Findley v. State Farm Mut. Auto Ins. Co*., 213 W. Va. 80, 94, 576 S.E.2d

7

807, 821 (2002) (quotations and citation omitted). Standing "is an element of jurisdiction over the subject matter." *SER Paul B. v. Hill*, 201 W. Va. 248, 256, 496 S.E.2d 198, 206 (1997). A court only has subject matter jurisdiction when there is case or controversy, which, in part, requires the asserting party to have standing to assert the claim. *SER Healthport Techs., LLC v. Stucky*, 239 W. Va. 239, 242-43, 800 S.E.2d 506, 509-10 (2017).

The administrative procedures conducted before the Board are subject to the State Administrative Procedures Act ("APA"). *See* W. Va. Code R. § 69-1-3 ("[a]ll administrative hearings conducted pursuant to this rule will be held according to W. Va. Code § 29A-5-1 et seq"). Under the APA, W. Va. Code § 29A-5-4(a), the West Virginia Legislature ("Legislature") provided that "[a]ny party adversely affected by a final order or decision in a contested case is entitled to judicial review thereof under this chapter[.]" Further, in its decisions, the Board sets forth the parties' appeal rights and specifically references relevant portions of the APA. Accordingly, as it is undisputed that OHFLAC and SHLC were both parties before the Board and that OHFLAC was a "party adversely affected by a final" decision in a contested case before the Board, we conclude that OHFLAC has standing to appeal the Board's November 4, 2022, decision.[8]

---

[8] *See Carte v. Cline*, 200 W. Va. 162, 166, 488 S.E.2d 437, 441 (1997) (The SCAWV held that even an arresting officer in a DUI case is a party to a license revocation hearing, within the meaning of W. Va. Code § 17C–5A–1, et seq., and within the meaning of the State Administrative Procedures Act, W. Va. Code § 29A–1–1, et seq., of who has standing to appeal an adverse administrative decision).

8

However, SHLC contends that proceedings before the Board are governed by DHHR regulations, along with the contested case provisions of the APA, and that under such regulations, OHFLAC lacks authority, either expressed or implied, to appeal an adverse decision of the Board. SHLC argues that these rules suggest that only an aggrieved "owner of a behavioral health center" has the right to appeal following entry of the final administrative decision. *See* W. Va. Code R. § 64-11-13.8.1 (2021). We are not persuaded by SHLC's arguments.

In *Mason Cnty. Bd. of Educ. v. State Superintendent of Schs.*, 160 W. Va. 348, 349 234 S.E.2d 321, 322 (1977), the SCAWV found that "in the absence of statutory authority, an administrative officer or agency is not entitled to judicial review of an adverse ruling made within the administrative appellate process of the agency." *Id.* at 349, 234 S.E.2d at 322. However the Court found an exception to that rule based on the fact that the "county board of education is virtually independent of the State Superintendent of Schools…" *Id.*at 352, 234 S.E.2d at 323. Here, as in *Mason*, the Board making the administrative decision possesses virtual independence from the state agency appealing its decision.

The Office of Inspector General ("OIG") and OHFLAC both exist as entities within the DHHR. Pursuant to W. Va. Code § 9-2-6(a)(7), OIG was established for the "purpose of conducting and supervising investigations, performing inspections, evaluations, and review, and providing quality control for the programs of the department."

9

In creating the OIG, the Legislature mandated that "neither the secretary nor any employee of the department may prevent, inhibit, or prohibit the Inspector General. . . from initiating, carrying out, or completing any investigation, inspection, evaluation, review or other activity oversight of public integrity." [9] *Id.*

Likewise, the Board is a separate statutorily created tribunal, operating under the authority of the DHHR and within the OIG. The Board is a quasi-independent agency designed to provide quality control for programs under the DHHR. *See* W. Va. Code § 9-2-6(a)(13). Neither the Secretary of DHHR ("Secretary") nor OHFLAC have control over any decisions issued by the Board. The relationship dynamic between the Secretary, OIG, OHFLAC, and the Board aligns itself clearly within the exception to the general rule as discussed in *Mason*. Accordingly, we find that OHFLAC, as an adversely effected party, possesses the right to appeal the Board's decision.

However, we must acknowledge that SHLC is correct in that under W. Va. Code R. § 64-11-13.8.1, any owner of a behavioral health center is specifically granted the right to appeal the administrative decision. Despite this fact, we find nothing in this rule

---

[9] W. Va. Code § 16-1-22(g) (2023) provides: "Neither the secretary nor any employee of the Department of Human Services, Department of Health or the Department of Health Facilities may prevent, inhibit, or prohibit the Inspector General or his or her employees from initiating, carrying out, or completing any investigation, inspection, evaluation, review, or other activity oversight of public integrity by the Office of the Inspector General."

that prohibits any other party from appealing pursuant to other statutory provisions. Additionally, if determined that this rule is in conflict with other statutory provisions, the statutory provisions would prevail. *See Repass v. Workers' Compensation Div.* 212 W. Va. 86, 102, 569 S.E.2d 162,178 (2002). When reading the rules, together with the APA,[10] we find that OHFLAC may appeal an adverse decision. Such a finding is consistent with the extent of review afforded in contested cases under W. Va. Code § 29A-5-4.

Further, we note additional legislative authority providing any party such an appellate right. W. Va. Code § 16-1-22a (2023), which took effect on May 23, 2023, provides, at subsection (c), that:

> [a]ny party adversely affected or aggrieved by a final decision or order of the agency may seek judicial review of that decision by filing an appeal to the Intermediate Court of Appeals as provided in § 29A-5-4 et seq., of this code [; and] (d) The process established by this section is the exclusive remedy for judicial review of final decisions of the Board of Review and the Bureau for Medical Services.

The Legislature (by statute) and DHHR (by rules), have established that provisions of the APA apply to judicial review of the Board decisions and that, under the APA, any party can institute an appeal of the Board's decision. Thus, we conclude that OHFLAC has the right to appeal decisions of the Board to this Court.[11]

---

[10] *See Manchin v. Dunfree*, 174 W. Va. 532, 327 S.E.2d 710 (1984)(*in pari materia* requires that statutes which relate to the same subject should be read and applied together).

[11] SHLC also argues that public policy supports its position. We disagree. We find that where an administrative agency is given the power to license in an area that has direct

**B. Decision**

With standing established, we now address OHFLAC's arguments on appeal. OHFLAC contends that the Board clearly erred as there was "substantial evidence" to support OHFLAC's licensure statement of deficiencies against SHLC. We disagree. While an appellate court examines the record in the review of contested cases, it merely determines whether the conclusions of law are warranted by the existing findings of fact, and it will not, as a general rule, disturb findings of fact based on conflicting evidence unless such findings are manifestly wrong or against the weight of the evidence. *See* Syl. Pt. 6, *Brooks v. Crum*, 158 W. Va. 882, 883, 216 S.E.2d 220, 222 (1975). "[A] reviewing court is obligated to give deference to factual findings rendered by an administrative law judge," and "is not permitted to substitute its judgment for that of the hearing examiner with regard to factual determinations." Syl. Pt. 4, in part, *Dale v. Dingess*, 232 W. Va. 13, 18, 750 S.E.2d 128, 133 (2013).

This Court has consistently held that we are not in a position to reweigh the evidence at the appellate stage. Such a finding is in line with SCAWV precedent which provides that:

> [s]ince a reviewing court is obligated to give deference to factual findings rendered by an administrative law judge, a circuit court is not permitted to

impact on the health and safety of the members of the public, public policy supports the agency's ability to seek judicial review of an administrative decision contrary to its finding. Granting OHFLAC standing to appeal decisions of the Board arguably increases the Board's ability to decide cases in an impartial and unbiased manner.

12

substitute its judgment for that of the hearing examiner with regard to factual determinations. Credibility determinations made by an administrative law judge are similarly entitled to deference. Plenary review is conducted as to the conclusions of law and application of law to the facts, which are reviewed de novo. Syl. Pt. 1, in part, *Cahill v. Mercer Cnty. Bd. of Educ.*, 208 W. Va. 177, 539 S.E.2d 437 (2000).

Syl. Pt. 3, *Frazier v. Ramadan*, No. 22-0223, 2023 WL 7295951 (W. Va. November 6, 2023)(memorandum decision). Here, the Board heard multiple days of testimony and made detailed findings of facts and conclusions of law, which are supported by our review of the record herein. Accordingly, we find that the Board was not clearly wrong by finding in favor of SHLC.

## IV.     CONCLUSION

Wherefore, based on the foregoing, the November 4, 2022, decision of the Board of Review, is hereby affirmed.

Affirmed.

13