# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

### September 2013 Term

**FILED**

**October 17, 2013**

**released at 3:00 p.m.**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 12-1273

**STEVEN O. DALE, ACTING COMMISSIONER,
WEST VIRGINIA DIVISION OF MOTOR VEHICLES,**
Respondent Below, Petitioner

**V.**

**AMANDA DINGESS,**
Petitioner Below, Respondent

Appeal from the Circuit Court of Boone County
Honorable William S. Thompson, Judge
Civil Action No. 11-C-218

**REVERSED AND REMANDED**

Submitted: October 2, 2013
Filed: October 17, 2013

Patrick Morrisey
Attorney General
Elaine L. Skorich
Assistant Attorney General
Charleston, West Virginia
Attorneys for the Petitioner

Matthew M. Hatfield
Hatfield & Hatfield, PLLC
Madison, West Virginia
Attorney for the Respondent

The Opinion of the Court was delivered PER CURIAM.

**SYLLABUS BY THE COURT**

1.      "On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W. Va. Code § 29A-5-4(a) and reviews questions of law presented *de novo;* findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong." Syllabus point 1, *Muscatell v. Cline*, 196 W. Va. 588, 474 S.E.2d 518 (1996).

2.      "In cases where the circuit court has amended the result before the administrative agency, this Court reviews the final order of the circuit court and the ultimate disposition by it of an administrative law case under an abuse of discretion standard and reviews questions of law *de novo.*"  Syllabus point 2, *Muscatell v. Cline*, 196 W. Va. 588, 474 S.E.2d 518 (1996).

3.      "Upon judicial review of a contested case under the West Virginia Administrative Procedure Act, Chapter 29A, Article 5, Section 4(g), the circuit court may affirm the order or decision of the agency or remand the case for further proceedings. The circuit court shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decisions or order are: '(1) In violation of constitutional or statutory provisions; or (2) In excess of the statutory authority or jurisdiction

i

of the agency; or (3) Made upon unlawful procedures; or (4) Affected by other error of law; or (5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.'" Syllabus point 2, *Shepherdstown Volunteer Fire Department v. State ex rel. State of West Virginia Human Rights*, 172 W. Va. 627, 309 S.E.2d 342 (1983).

4.      "[A] reviewing court is obligated to give deference to factual findings rendered by an administrative law judge, a circuit court is not permitted to substitute its judgment for that of the hearing examiner with regard to factual determinations." Syllabus point 2, in part, *Cahill v. Mercer County Board of Education*, 208 W. Va. 177, 539 S.E.2d 437 (2000).

5.      "W. Va. Code § 17C-5A-1a (a) (1994) does not require that a police officer actually see or observe a person move, drive, or operate a motor vehicle while the officer is physically present before the officer can charge that person with DUI under this statute, so long as all the surrounding circumstances indicate the vehicle could not otherwise be located where it is unless it was driven there by that person." Syllabus point 3, *Carte v. Cline*, 200 W. Va. 162, 488 S.E.2d 437 (1997).

6.      "Where there is evidence reflecting that a driver was operating a motor vehicle upon a public street or highway, exhibited symptoms of intoxication, and had

consumed alcoholic beverages, this is sufficient proof under a preponderance of the evidence standard to warrant the administrative revocation of his driver's license for driving under the influence of alcohol." Syllabus point 2, *Albrecht v. State*, 173 W. Va. 268, 314 S.E.2d 859 (1984).

**Per Curiam:**

The respondent below and petitioner herein, Steven O. Dale,[1] Acting Commissioner of the West Virginia Division of Motor Vehicles ("the DMV"), appeals from an order by the Circuit Court of Boone County. The DMV had issued an order of revocation for the driver's license of the petitioner below and respondent herein, Amanda Dingess (hereinafter "Ms. Dingess"), for driving under the influence of alcohol (hereinafter "DUI"). The Office of Administrative Hearings ("OAH") held an administrative hearing and, through an October 18, 2011, order, upheld the DMV's revocation for DUI. In its order entered September 5, 2012, the circuit court reversed the order of revocation and reinstated the driving privileges of Ms. Dingess. On appeal to this Court, the DMV argues that the circuit court's reversal of the OAH's order was contrary to law. Specifically, the DMV argues that the circuit court failed to afford proper deference to the rulings made during the underlying administrative process and, further, that the lower court erred in its application and statement of the law. Based upon the parties' arguments, the appendix record designated for our consideration, and the pertinent authorities, we reverse the circuit court's reinstatement of Ms. Dingess's driving privileges. Further, the case is remanded for reentry of the DMV's revocation order.

---

[1]Acting Commissioner, Steven O. Dale, replaced the former commissioner as the named party. *See* W. Va. R. App. Proc. 41(c) ("When a public officer . . . ceases to hold office, the action does not abate and his successor is automatically substituted as a party. . . .").

1

# I.

## FACTUAL AND PROCEDURAL HISTORY

The facts pertinent for consideration in this case began on August 14, 2010, when Boone County Sheriff's Deputy Hess responded to a 911 call reporting an accident involving two vehicles at the Tudor's Biscuit World in Danville. A Madison City Police Officer also responded. Also present at the scene were Ms. Dingess, her companion, and the operator of the other car allegedly involved in a vehicle accident.[2]

Ms. Dingess was described as loud and disruptive at the scene, and she refused to answer the officers' questions. Due to her behavior, Ms. Dingess was arrested for "obstructing an officer." Deputy Hess subjected Ms. Dingess to three field sobriety tests: the horizontal gaze nystagmus test, the walk and turn test, and the one-leg stand test. Ms. Dingess failed all three.[3] Thereafter, Ms. Dingess was transported to the police station[4] and

---

[2]There was no damage to either car and Deputy Hess did not write an accident report.

[3]Ms. Dingess later claimed that she failed the one-leg stand test and the walk and turn test because she was suffering with a broken toe. However, prior to administering the tests, Deputy Hess questioned Ms. Dingess as to any factors that may interfere with her ability to follow the testing guidelines. Ms. Dingess answered that no such factors existed.

[4]The record indicates that Ms. Dingess attempted to take a secondary chemical test while at the station; however, her asthma prevented her from doing so. We note that a secondary chemical test is not required to administratively revoke a person's driving privileges. *See Coll v. Cline*, 202 W. Va. 599, 609-10, 505 S.E.2d 662, 672-73 (1998) ("Although the results of the secondary chemical test are not a jurisdictional prerequisite . . . . where a secondary chemical test has been conducted, the arresting officer is unequivocally
(continued...)

arrested for DUI.[5]

`

On September 8, 2010, the DMV sent Ms. Dingess an Order of Revocation for DUI and for refusing to take a secondary chemical test. Ms. Dingess timely filed a request for an administrative hearing. At the February 17, 2011, administrative hearing, Deputy Hess testified that he had not seen Ms. Dingess behind the wheel of a car on the night of her arrest, but that she had admitted to him that she had been driving. Deputy Hess also testified that the companion who was with Ms. Dingess told Deputy Hess that he was not driving that evening. Finally, Deputy Hess testified that Ms. Dingess was unsteady on her feet, staggered as she walked, her speech was slurred, her breath smelled of alcohol, and her eyes were bloodshot and glassy. During the same hearing, Ms. Dingess testified that, on the night of her arrest, she had not driven a car and was not under the influence of alcohol.

---

[4](...continued)
required to submit the results of that test[.]").

[5]The DUI charge ultimately was dismissed by the Boone County Magistrate Court. However, we recently reiterated in Syllabus point 4 of *Miller v. Epling*, 229 W. Va. 574, 729 S.E.2d 896 (2012):

> When a criminal action for driving while under the influence in violation of West Virginia Code § 17C-5-2 (2008) results in a dismissal or acquittal, such dismissal or acquittal has no preclusive effect on a subsequent proceeding to revoke the driver's license under West Virginia Code § 17C-5A-1 *et seq.* Moreover, in the license revocation proceeding, evidence of the dismissal or acquittal is not admissible to establish the truth of any fact. In so holding, we expressly overrule Syllabus Point 3 of *Choma v. West Virginia Division of Motor Vehicles*, 210 W. Va. 256, 557 S.E.2d 310 (2001).

The OAH entered its final order on October 18, 2011. The order upheld the DMV's revocation of Ms. Dingess's license on the ground that the DMV had established, by a preponderance of the evidence, that Ms. Dingess had operated a vehicle under the influence of alcohol at the time of the accident. However, the OAH reversed the DMV's finding that Ms. Dingess had refused to submit to a secondary chemical test.[6] Ms. Dingess timely appealed the OAH's order to the circuit court.

By order entered September 5, 2012, the circuit court reversed the order of the OAH based on its finding that Ms. Dingess testified that she had not driven the car; that Deputy Hess admitted that he did not see Ms. Dingess drive the car, and, finally, that Ms. Dingess's companion was present and could have been driving the car.[7] The DMV filed this appeal.

## II.

## STANDARD OF REVIEW

In this case, the DMV appeals the circuit court's reversal of the OAH's administrative revocation of Ms. Dingess's driver's license. The standard of review has been articulated as follows:

---

[6]*See* note 4, *infra*.

[7]The circuit court came to this conclusion despite the fact that Deputy Hess reported that the companion denied that he had driven the car.

On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W. Va. Code § 29A-5-4(a) and reviews questions of law presented *de novo;* findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong.

Syl. pt. 1, *Muscatell v. Cline*, 196 W. Va. 588, 474 S.E.2d 518 (1996). Moreover, because the circuit court altered the decision by the underlying agency, we are guided by the principle that "[i]n cases where the circuit court has amended the result before the administrative agency, this Court reviews the final order of the circuit court and the ultimate disposition by it of an administrative law case under an abuse of discretion standard and reviews questions of law *de novo.*" Syl. pt. 2, *Muscatell*, *id.* Mindful of these applicable standards, we now consider the substantive issues raised herein.

## III.

## DISCUSSION

On appeal, the DMV argues that the circuit court erred in reversing the OAH order that revoked Ms. Dingess's driver's license.[8] Further, the DMV contends that the

---

[8]Specifically, the DMV sets forth that the circuit court erred in the following ways: finding relevant that the car accident occurred on private property, affording significance to the dismissal of Ms. Dingess's criminal DUI charge, giving preference to testimonial evidence over documentary evidence, excluding the evidence of Ms. Dingess's performance on the field sobriety tests, substituting its judgment for that of the hearing examiner on credibility issues, failing to set forth the manner in which the OAH violated W. Va. Code § 29A-5-4(g) (1998) (Repl. Vol. 2012), misstating the law in its final order, and relying on only a portion of the arresting officer's testimony.

revocation order should be reinstated. Conversely, Ms. Dingess asserts that the circuit court's reinstatement of her driving privileges should be affirmed. While the DMV sets forth several assignments of error, we determine that the evidence was sufficient for an administrative license revocation and, accordingly, we decline to address the assignments of error in a piecemeal fashion.

In this case, the DMV and the OAH determined that Ms. Dingess drove a motor vehicle while under the influence of alcohol. A guiding principle has been that "[w]e must uphold any of the [administrative agency's] factual findings that are supported by substantial evidence, and we owe substantial deference to inferences drawn from these facts[.]" *Webb v. West Virginia Bd. of Medicine*, 212 W. Va. 149, 156, 569 S.E.2d 225, 232 (2002) (per curiam) (*quoting Martin v. Randolph County Bd. of Educ.*, 195 W. Va. 297, 304, 465 S.E.2d 399, 406 (1995)). *See also* Syl. pt. 2, *Shepherdstown Volunteer Fire Dept. v. State ex rel. State of West Virginia Human Rights*, 172 W. Va. 627, 309 S.E.2d 342 (1983) ("Upon judicial review of a contested case under the West Virginia Administrative Procedure Act, Chapter 29A, Article 5, Section 4(g), the circuit court may affirm the order or decision of the agency or remand the case for further proceedings. The circuit court shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decisions or order are: '(1) In violation of constitutional or statutory provisions; or (2) In excess of the statutory authority or jurisdiction of the agency; or (3) Made upon

6

unlawful procedures; or (4) Affected by other error of law; or (5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.'").

On the night of the arrest, Deputy Hess made a record on a "DUI Information Sheet," wherein he transcribed that Ms. Dingess admitted that, "I was driving but I didn't hit the truck." Despite this admission at the scene of the incident, the circuit court gave greater weight to Ms. Dingess's testimony at the administrative hearing that she was not driving on the night in question and that she was not intoxicated. In *Groves v. Cicchirillo*, 225 W. Va. 474, 481, 694 S.E.2d 639, 646 (2010) (per curiam), this Court stated that there is no preference for testimonial evidence in driver's license revocation proceedings. Therefore, the circuit court was incorrect when it elevated Ms. Dingess's hearing testimony over the testimony of Deputy Hess that was in agreement with his contemporaneous documentary evidence recorded on the DUI Information Sheet.

Another factual determination involves the three field sobriety tests. Prior to conducting the tests, Deputy Hess asked Ms. Dingess if she had any injuries that would affect her performance of the tests, to which she replied, "No." Thus, even though she had an opportunity to mention a broken toe, she did not. Moreover, Ms. Dingess failed to present any evidence at the administrative hearing in support of her broken-toe claim. Despite these

7

facts, the circuit court substituted its judgment for that of the OAH and found that Ms. Dingess's broken toe would have affected her performance on all three field sobriety tests, including the horizontal nystagmus gaze ("HGN") test. In regard to the HGN test, the DMV argues that a broken toe would not have affected its results. Moreover, the OAH (1) found that Deputy Hess properly assessed Ms. Dingess's eyes prior to the HGN test, (2) did not find that the Deputy erred in administering the test, and (3) ruled that Ms. Dingess failed the test.

As this Court has stated, "a reviewing court is obligated to give deference to factual findings rendered by an administrative law judge, a circuit court is not permitted to substitute its judgment for that of the hearing examiner with regard to factual determinations." Syl. pt. 2, in part, *Cahill v. Mercer County Bd. of Educ.*, 208 W. Va. 177, 539 S.E.2d 437 (2000). In the present case, the hearing examiner listened to Ms. Dingess's and Deputy Hess's conflicting accounts of the events, observed their demeanor, and made a determination that the Deputy was more credible. Specifically, the OAH found that "respondent offered no credible rebuttal testimony regarding the indicia of physical symptoms of intoxication observed by the investigating Officer and recorded on the . . . DUI Information Sheet." Lastly, we note that

> W. Va. Code § 17C-5A-1a (a) (1994) does not require that a police officer actually see or observe a person move, drive, or operate a motor vehicle while the officer is physically present before the officer can charge that person with DUI under this statute, so long as all the surrounding circumstances indicate the vehicle could not otherwise be located where it is unless it was driven there by that person.

8

Syl. pt. 3, *Carte v. Cline*, 200 W. Va. 162, 488 S.E.2d 437 (1997). Significantly, in the present case, Deputy Hess testified and the "DUI Information Sheet" showed that Ms. Dingess admitted that she was driving that evening but had not hit another vehicle. Further, Ms. Dingess's behavior at the scene was of a person who was irate, to the level of being arrested for obstructing an officer. Also, she was staggering, unsteady, smelled of alcohol, had slurred speech, and glassy, bloodshot eyes. She also failed the HGN. Moreover, Ms. Dingess admitted to consuming an alcoholic beverage prior to her encounter with Deputy Hess, and she was with her vehicle when the Deputy arrived on the scene.

The OAH, in its final order, relied on Syllabus point 2 of *Albrecht v. State*, 173 W. Va. 268, 314 S.E.2d 859 (1984), which states:

> Where there is evidence reflecting that a driver was operating a motor vehicle upon a public street or highway, exhibited symptoms of intoxication, and had consumed alcoholic beverages, this is sufficient proof under a preponderance of the evidence standard to warrant the administrative revocation of his driver's license for driving under the influence of alcohol.

Yet, the circuit court reversed the hearing examiner's *credibility* findings, apparently by giving significant weight to Ms. Dingess's testimony that she was not driving and was not under the influence when she was arrested, despite the evidence otherwise. The circuit court improperly substituted its judgment for that of the hearing examiner. The evidence was sufficient to warrant the administrative license revocation of Ms. Dingess.

9

## IV.

## CONCLUSION

For the foregoing reasons, the circuit court's reversal of the revocation of Ms. Dingess's license is in error and, accordingly, is reversed.  This case is remanded for the circuit court to reinstate the order revoking Ms. Dingess's license to drive.

Reversed and Remanded.